# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DON FOSTER and** | ) | |
| **BRENDA FOSTER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** CIV-24-222-PRW |
| | ) | |
| **STATE FARM FIRE AND** | ) | *Removed from Case No. CJ-23-1426* |
| **CASUALTY COMPANY,** | ) | *District Court of Cleveland County* |
| **DAVID CAMP,** | ) | |
| **RITA WALLENBERG INSURANCE** | ) | |
| **AGENCY, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
## <u>NOTICE OF REMOVAL</u>

Andrew J. Morris, OBA #31658
Peyton S. Howell, OBA #33917
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone:      (405) 235-9621
Facsimile:      (405) 235-0439
andrew.morris@mcafeetaft.com
peyton.howell@mcafeetaft.com

***Attorneys for Defendant State Farm***
***Fire and Casualty Company***

# TABLE OF CONTENTS

NOTICE OF REMOVAL............................................................................... 1

A.  REMOVAL IS PROPER BECAUSE THIS COURT HAS
    SUBJECT MATTER JURISDICTION UNDER 28 U.S.C.
    § 1332(a)(1)................................................................................. 4

B.  DAVID CAMP, THE WALLENBERG AGENCY, CORBIN
    SWAIN, AND NOAH BASIC HAVE BEEN FRAUDULENTLY
    JOINED. ...................................................................................... 5

    i)      David Camp, an insurance adjuster for State Farm, has
            been fraudulently joined................................................... 7

    ii)     Noah Basic, an inspector involved in Plaintiffs' insurance
            claim, has been fraudulently joined. ............................... 10

    iii)    Engineer Corbin Swain has been fraudulently joined..................... 12

    iv)     The Wallenberg Agency has been fraudulently joined. .................. 13

            a)      Plaintiffs cannot establish a claim for negligent
                    procurement of insurance by the Wallenberg
                    Agency. ............................................................... 13

            b)      Plaintiffs cannot establish a claim for constructive
                    fraud and negligent misrepresentation by the
                    Wallenberg Agency............................................ 13

            c)      Plaintiffs' claims against the Wallenberg Agency
                    are barred by limitations..................................... 18

C.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS
    SATISFIED. ............................................................................... 20

D.  REMOVAL IS PROPER BECAUSE PROCEDURAL
    REQUIREMENTS HAVE BEEN MET. ...................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Judicial Opinions**                                                      **Page(s)**

*AMC W. Hous. LP v. NIBCO, Inc.*,
    No. CIV-18-959-D, 2019 WL 4491331 (W.D. Okla. Sept. 18, 2019) ........................ 11

*Brazell v. Waite*,
    525 F. App'x 878 (10th Cir. 2013) ................................................................... 6

*Cosper v. Farmers Ins. Co.*,
    2013 OK CIV APP 78, 309 P.3d 147 ................................................................ 13, 18

*Country Gold, Inc. v. State Auto. Prop. & Cas. Ins. Co.*,
    No. CIV-14-1398-D, 2015 WL 431638 (W.D. Okla. Feb. 2, 2015) ..................... 13, 17

*Denny v. Ill. Nat'l Ins. Co.*,
    No. 10-CV-676-CVE-TLW,
    2010 WL 5141656 (N.D. Okla. Dec. 13, 2010) ........................................... 21

*Dodd v. Fawcett Publ'ns, Inc.*,
    329 F.2d 82 (10th Cir. 1964) ........................................................................ 6

*Dollison v. Am. Nat'l Ins. Co.*,
    No. 13-CV-100-CVE-FHM,
    2013 WL 1944891 (N.D. Okla. May 9, 2013) ............................................... 6

*Faith Temple, Inc. v. Church Mut. Ins. Co.*,
    No. CIV-20-13-G, 2020 WL 4274582 (W.D. Okla. July 24, 2020) .................. 9-10, 12

*Funk v. Farmers Ins. Co.*,
    No. CIV-12-1159-HE, 2013 WL 12091100 (W.D. Okla. Jan. 31, 2018) ...................... 6

*Gellner v. Progressive N. Ins. Co.*,
    No. 21-CV-401-CVE-JFJ, 2021 WL 5789146 (N.D. Okla. Dec. 7, 2021) ................. 14

*Graves v. Am. Fam. Mut. Ins. Co.*,
    668 F. App'x 536 (10th Cir. 2017) ............................................................... 15

*Hightower v. USAA Cas. Ins. Co.*,
No. 16-CV-274-JED-FHM,
2017 WL 1347689 (N.D. Okla. Apr. 7, 2017)........................................................9-12

*Hooper v. Clements Food Co.*,
694 P.2d 943 (Okla. 1985)........................................................................................ 7

*Long v. Halliday*,
768 F. App'x 811 (10th Cir. 2019)..........................................................................6-7

*Mueggenborg v. Ellis*,
2002 OK CIV APP 88, 55 P.2d 453 ........................................................................ 13

*Pine Tel. Co. v. Alcatel Lucent USA Inc.*,
617 F. App'x 846 (10th Cir. 2015)........................................................................... 16

*Quickmart #2, Inc. v. State Farm Fire & Cas. Co.*,
No. CIV-13-1342-D, 2014 WL 819360 (W.D. Okla. Mar. 3, 2014).................... 12, 20

*Roe v. Gen. Am. Life Ins. Co.*,
712 F.2d 450 (10th Cir. 1983) ................................................................................. 6

*Rotan v. Farmers Ins. Grp. of Cos.*,
2004 OK CIV APP 11, 83 P.3d 894 .................................................................. 13, 18

*Silver v. Slusher*,
770 P.2d 878 (Okla. 1988)....................................................................................... 18

*Slover v. Equitable Variable Life Ins. Co.*,
443 F. Supp. 2d 1271 (N.D. Okla. 2006).................................................................. 6

*Smith v. Allstate Vehicle & Prop. Ins. Co.*,
No. CIV-14-0018-HE, 2014 WL 1382488 (W.D. Okla. Apr. 8, 2014)..................... 17

*Smoot v. Chi., Rock Island & Pac. R.R.*,
378 F.2d 879 (10th Cir. 1967) ................................................................. 5-6, 10, 17-18

*Swickey v. Silvey Cos.*,
1999 OK CIV APP 48, 979 P.2d 266 ........................................................................ 13

*Torres v. Cintas Corp.*,
  No. 08-CV-185-CVE-PJC,
  2008 WL 1817330 (N.D. Okla. Apr. 22, 2008) ............................................................ 7

*Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC*,
  2014 OK 106, 341 P.3d 75 ..................................................................................... 8-12

**Statutes**                                                                   **Page(s)**

28 U.S.C. § 116 .......................................................................................................... 21

28 U.S.C. § 1332 .............................................................................................. 1, 4-5, 20

28 U.S.C. § 1441 ................................................................................................ 1, 4, 21

28 U.S.C. § 1446 ............................................................................................. 1, 4, 20-21

Okla. Stat. tit. 12, § 95 .................................................................................... 11, 19

Okla. Stat. tit. 15, § 59 ............................................................................................. 16

**Rules and Regulations**                                                      **Page(s)**

Federal Rule of Civil Procedure 12 ............................................................................ 22

Federal Rule of Civil Procedure 81 ..................................................................... 3, 22

Local Civil Rule 81.2 ................................................................................................ 21

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm") removes this action from the District Court of Cleveland County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its removal, State Farm states as follows:

1.     On November 20, 2023, Plaintiffs Don Foster and Brenda Foster filed the Petition in the District Court of Cleveland County, State of Oklahoma, captioned *Don Foster et al. v. State Farm Fire and Casualty Company et al*., Case No. CJ-2023-1426 (the "Action"). *See* **Ex. 1**, Petition. A Summons was issued to Plaintiffs for service on State Farm the same day . *See* **Ex. 2**, State Farm Summons.

2.     The original Petition purported to state a claim against (i) State Farm for breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim). *See* **Ex. 1,** Pet. It also purported to state claims against (ii) the Rita Wallenberg Insurance Agency, Inc. for negligent procurement of insurance and for fraud/negligent misrepresentation. *See id.* Moreover, Plaintiffs purported to sue (iii) David Camp, an individual employee of State Farm, for fraudulent misrepresentation. *See id.* Additionally, the Petition purported to state a claim against (iv) Corbin Swain, an engineer with Envista Forensics, for negligence. *See id.* The Petition also purported to state claims against SeekNow inspectors, (v) Jonah Basic, (vi) Korbin Leach, (vii) Lucas Johnson, (viii) Nicholas Langren, (ix) Dillon Thorn, (x) Tony Morland, (xi) Thomas Tackett, (xii) Shane Leach, (xiii) Jody Dear, (xiv) Jason Mund, (xv) Steven Fisher, (xvi) Jonathan Bishop, (xvii) Michael Richardson, (xviii) Mark Feller, and (xix) Matt Roskos for intentional destruction of property and negligent

destruction of property. *See id.* Finally, the Petition listed John Doe as a defendant, though it did not purport to state any claims against the John Doe. *See id.*

3.    State Farm was served with the original Petition and a Summons via delivery of the same to the Oklahoma Insurance Commissioner on February 2, 2024, with delivery thereafter to State Farm. **Ex. 2,** State Farm Summons.

4.    On February 15, 2024, prior to State Farm's deadline to answer, move against, or otherwise respond to the original Petition (*see infra*), Plaintiffs filed an Amended Petition. *See* **Ex. 7**, Am. Pet.

5.    The Amended Petition purports to state a claim against (i) State Farm for breach of the duty of good faith and fair dealing (i.e., a "bad faith" claim) and claims against (ii) the Rita Wallenberg Insurance Agency, Inc. for negligent procurement of insurance and for fraud/negligent misrepresentation. *See* **Ex. 7**, Am. Pet. Additionally, Plaintiffs still purport to sue (iii) David Camp, an individual employee of State Farm, for fraudulent misrepresentation, and (iv) Corbin Swain, an engineer with Envista Forensics, for negligence. *See id.* But the Amended Petition dismisses the claims against the previously-named SeekNow inspectors and John Doe, instead naming only (v) Noah Basic in Plaintiffs' claims for intentional destruction of property and negligent destruction of property. *See id.*

6.    State Farm was served with the Amended Petition and a new Summons via delivery of the same to the Oklahoma Insurance Commissioner on February 23, 2024, with delivery thereafter to State Farm. **Ex. 8,** State Farm Second Summons.

7.     The Petition in the Action is attached as **Exhibit 1**. The Summons served on State Farm is included as part of the entire original service packet, which is attached as **Exhibit 2**. Plaintiffs' First Interrogatories, Requests for Production, and Requests for Admission to State Farm are also included as part of the entire original service packet, attached as **Exhibit 2**.[1] The Entries of Appearance filed for Plaintiffs' counsel in state court are attached as **Exhibit 3** and **Exhibit 4**. State Farm's Unopposed Motion to Extend Time to Answer, Move against, or Otherwise Respond to Plaintiffs' Petition is attached as **Exhibit 5** and the state court's order granting such motion is attached as **Exhibit 6**.

8.     Plaintiffs' Amended Petition is attached as **Exhibit 7**. The second Summons served on State Farm is included as part of the entire second service packet, which is attached as **Exhibit 8**. Plaintiffs' First Interrogatories, Requests for Production, and Requests for Admission to State Farm (as they were served on State Farm a second time) are also included as part of the entire second service packet, attached as **Exhibit 8**. The service packet served on the Rita Wallenberg Insurance Agency via counsel—which includes a Summons, the Amended Petition, and Plaintiffs' First Interrogatories and

---

[1] Upon removal of the Action to federal court, Plaintiffs' existing discovery requests to both State Farm and the Rita Wallenberg Agency, as well as any other defendants who may have received such requests, are automatically voided. *See* L. Cv. R. 81.2(c); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). The Federal Rules of Civil Procedure and this Court's Local Rules apply to the entirety of this Action post-removal. *See* Fed. R. Civ. P. 81(c)(1).

Requests for Production to Defendant Rita Wallenberg Insurance Agency, Inc.—on February 29, 2024, is attached as **Exhibit 9**. *See also infra.* ¶ 43.

9.      A copy of the Docket Sheet, Cleveland County, Case No. CJ-2023-1426, is attached as **Exhibit 10** (as of March 3, 2024).[2] State Farm is unaware of the existence of any process, pleadings, or orders relating to it other than the documents included in Exhibits 1 through 9 and 17 through 18.

10.     As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because State Farm has satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## A.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(A)(1).

11.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a)(1) because this is a civil action (1) between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court by State Farm under 28 U.S.C. § 1441(a).

12.     Plaintiffs allege that they reside in Oklahoma City, Cleveland County, Oklahoma and are citizens of the State of Oklahoma. *See* **Ex. 7**, Am. Pet. ¶ 2. Based on the

---

[2] The OSCN docket has not been updated with the most recent filings for reasons unknown to State Farm. Therefore, there may be additional state-court filings of which the undersigned counsel and State Farm are unaware and which therefore cannot be included.

foregoing and upon information and belief, Plaintiffs are citizens of Oklahoma for diversity-jurisdiction purposes.

13.    State Farm is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. For diversity-jurisdiction purposes, State Farm is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity exists as between Plaintiffs and State Farm.

14.    Defendant David Camp is an individual employee of State Farm residing in the State of Oklahoma and Defendant Rita Wallenberg Insurance Agency, Inc. (the "Wallenberg Agency") was a corporation organized and existing under the laws of the State of Oklahoma that has since been dissolved. Upon information and belief, Defendant Corbin Swain is an engineer residing in Oklahoma. Upon information and belief, Defendant Noah Basic is an inspector residing in Oklahoma. However, as set for the below, Mr. Camp, the Wallenberg Agency, Mr. Swain, and Mr. Basic have been fraudulently joined in an apparent effort to defeat diversity jurisdiction and avoid removal to federal court, so their citizenships should be disregarded for diversity-jurisdiction purposes and they should be dismissed from the Action, allowing the lawsuit to proceed as between Plaintiffs and State Farm alone.

## B.    DAVID CAMP, THE WALLENBERG AGENCY, CORBIN SWAIN, AND NOAH BASIC HAVE BEEN FRAUDULENTLY JOINED

15.    Defendants who have been fraudulently joined are ignored when determining diversity jurisdiction. See *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967) ("[U]pon specific allegations of fraudulent joinder the court may pierce the

pleadings, consider the entire record, and determine the basis of joinder by any means available." (quotation marks and citations omitted)); *Funk v. Farmers Ins. Co.*, No. CIV-12-1159-HE, 2013 WL 12091100, at *1 (W.D. Okla. Jan. 31, 2013); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (denying a motion to remand on the basis of fraudulent joinder where the plaintiff's claims against a non-diverse insurance agent were meritless and otherwise time-barred).

16.     Under Tenth Circuit law, a party is deemed to have been fraudulently joined (i) if no cause of action is stated against the non-diverse defendant, or, (ii) though stated, the cause of action against the non-diverse defendant does not exist. *See Smoot*, 378 F.2d at 882 ("The joinder of a resident defendant against whom no action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." (quoting *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964)); *see also Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452, n.1 (10th Cir. 1983) ("[J]oinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." (dicta)); *Long v. Halliday*, 768 F. App'x 811, 813–14 (10th Cir. 2019) (unpublished); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).[3]

---

[3] Fraudulent joinder also exists, separately, when a "plaintiff's jurisdictional allegations are fraudulent and made in bad faith." *Dollison v. Am. Nat'l Ins. Co.*, No. 13-CV-100-CVE-FHM, 2013 WL 1944891, at *3 (N.D. Okla. May 9, 2013) (citing *Slover v*, 443 F. Supp. 2d at 1279). State Farm does not allege at this time that Plaintiffs' allegations are made in bad faith. Instead, it asserts that Plaintiffs have no possibility of recovery against Mr. Camp, the Wallenberg Agency, Mr. Swain, or Mr. Basic. *See Long*, 768 F. App'x at 813

### i)    David Camp, an insurance adjuster for State Farm, has been fraudulently joined.

17.    Under Count II of the Amended Petition, Plaintiffs purport to sue Mr. Camp for fraudulent misrepresentation. This claim cannot succeed because Mr. Camp is an employee of State Farm involved in the adjustment of insurance claims. Plaintiffs allege that "[d]uring the adjustment of the claim," Mr. Camp "told Mr. Foster that an engineer would reinspect the Foster Family's property in May 2022," but the engineer's inspection did not take place "until June 30, 2022." **Ex. 7**, Am. Pet. ¶ 126. Plaintiffs further allege, without any support, that Mr. Camp mispresented the inspection date in an attempt to run-out the clock on the statute of limitations. *Id.* Essentially, Plaintiffs take issue with scheduling delays between State Farm and a third-party engineer.

18.    "Oklahoma has adopted the majority view that 'an employer is liable for the torts of its employee occurring in the course and scope of employment, although the employee is personally immune from suit." *Torres v. Cintas Corp.*, No. 08-CV-185-CVE-PJC, 2008 WL 1817330, at *1 (N.D. Okla. Apr. 22, 2008) (quoting *Hooper v. Clements Food Co.*, 694 P.2d 943, 933 (Okla. 1985)). "In some cases, individual employees may be held liable for intentional torts that exceed the scope of their employment." *Id.* But the Amended Petition makes clear that Mr. Camp's alleged misrepresentations—to the extent any were made at all—were made within the scope of his employment as an adjuster for

---

("[F]raudulent joinder need not involve actual fraud in the technical sense." (quotation marks and citation omitted)).

State Farm.[4] As Plaintiffs put it, Defendant Camp was acting "[d]uring the adjustment of the claim" and was speaking regarding the timing for an inspection by an engineer as part of the insurance claim-handling process. **Ex. 7**, Am. Pet. ¶ 126. Certainly, a statement regarding when an additional inspection will occur is one within the course of an adjuster's employment as an insurance adjuster working on an insurance claim. Plaintiffs cannot simply determine for themselves that something is or is not "outside [the] scope of adjusting the Foster Family's claim" based on their own opinion. *Id.* ¶ 123.

19.    More specific to the case at hand, the Supreme Court of Oklahoma has determined that:

> 1) [An adjuster] is not subject to the implied covenant of good faith and fair dealing arising from the insurance contract between [the insured] and [insurer] and 2) owe[s] [the insured] no legal duty that would allow [the insured]to recover in tort for any negligence in [the adjuster's] investigation and adjustment of the claim.

*Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC,* 2014 OK 106, ¶ 34, 341 P.3d 75, 87. The rationale behind this ruling is to prevent redundancy in liability in cases alleging bad faith:

> The existence of a separate legal duty on the part of the adjuster in these circumstances would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer—caused by an adjuster's negligent conduct—and from the adjuster for the same conduct.

---

[4] To be clear, State Farm and Mr. Camp deny that any misrepresentation was made, and certainly no misrepresentation was made which is actionable.

*Id.* ¶ 31, 341 P.3d at 86.

20.    Further, Plaintiffs should not be able to avoid the Oklahoma Supreme Court's bar to assertion of claims against insurance adjusters stated in *Trinity Baptist* by terming their claim as one for fraud instead of bad faith. <u>*First*</u>, a fraud claim requires an underling duty, which does not exist for the reasons expressed in *Trinity Baptist*. *See* Okla. Stat. tit. 15, § 59(1). <u>*Second*</u>, the same policy rationale of *Trinity Baptist* applies to an insurance adjuster charged with fraud as one charged with bad faith. Allowing the claim against Mr. Camp to go forward would create the possibility of double recovery. Undoubtedly, to the extent Plaintiff can show that there was some intent to run Plaintiffs past the limitations deadline (which State Farm and Mr. Camp deny), Plaintiffs will include that as part of their bad faith claim against State Farm. Indeed, Plaintiffs already are doing so. *See* **Ex. 7**, Am. Pet. ¶ 19 (alleging that State Farm "continued to adjust the Foster Family's claim through the statute of limitations," that "Mr. Swain's report was issued well after the expiration of the limitation provision contained in the policy," and that "State Farm failed to provide a denial on the claim including any denial of liability within time to enable the Foster Family to initiate this action within the limitation period contained in the policy" as bases for Plaintiffs' bad faith claim); *id.* ¶ 20 (alleging that delays caused by State Farm were "the result of Defendant State Farm's claims handling actions"). Because Plaintiffs are asserting that the same alleged conduct which forms the basis for their fraud claim against Mr. Camp is part of the same alleged conduct which forms the basis for their bad faith claim against State Farm, they cannot maintain both claims. *Cf. Faith Temple, Inc. v. Church Mut. Ins. Co.*, No. CIV-20-13-G, 2020 WL 4274582, at *4 (W.D. Okla. July 24, 2020) ("It would be

fundamentally unfair to permit Plaintiff to potentially recover from both [an insurer and an engineer who was hired as part of the claim process] for [the engineer's] allegedly negligent conduct." (cleaned up) (quoting *Hightower v. USAA Cas. Ins. Co.*, No. 16-CV-274-JED-FHM, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017))).

21.     As such, this Court should find that Plaintiffs' tort claim against Mr. Camp is barred under Oklahoma law, and it should be dismissed from the Action.

### ii)     Noah Basic, an inspector involved in Plaintiffs' insurance claim, has been fraudulently joined.

16.     Counts III and IV of Plaintiffs' Amended Petition purport to state claims against Noah Basic, described by Plaintiffs as a "ladder assist" (**Ex. 7**, Am. Pet. ¶ 10), for negligence and for "intentional destruction of the Foster Family's property" due to him walking on their roof during a claim-related inspection of Plaintiffs' home. **Ex. 7**, Am. Pet. ¶¶ 134-148. But Oklahoma law precludes liability against Mr. Basic for the same reasons as it does with regard to Mr. Camp, *supra. See Trinity Baptist*, 2014 OK 106, ¶ 34, 341 P.3d at 87. It is clear that Mr. Basic's presence was as part of State Farm's investigation into Plaintiffs' insurance claim. *See* **Ex. 11**, SeekNow Report (indicating, on page six, that the inspection was part of "Claim # 3623N929N"—the same claim number cited in Plaintiffs' Amended Petition at ¶ 3).[5] And whether the individual involved is an insurer's employee, an independent adjuster, an inspector like Mr. Basic, or some other type of

---

[5] "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (quotation marks and citations omitted).

person involved, the *Trinity Baptist* rule extends to their conduct. *See Hightower*, 2017 WL 1347689, at *2 (holding that "it is irrelevant whether [the individual who was fraudulently joined] is an insurance appraiser or an insurance adjuster because the reasoning in *Trinity Baptist* . . . is broadly worded and the same policy concerns are applicable" whenever the insurer has a "legal duty to [the insureds]").

17.    Further, Plaintiffs' Amended Petition asserts that the alleged damage occurred on or about August 23, 2021. *See* **Ex. 7**, Am. Pet. ¶ 135. Claims of negligence and intentional damage to property are barred by Oklahoma's statute of limitations if not asserted within two years. *See AMC W. Hous. LP v. NIBCO, Inc.*, No. CIV-18-959-D, 2019 WL 4491331, at *4 (W.D. Okla. Sept. 18, 2019) (citing Okla. Stat. tit. 12, § 95(A)(3) with regard to negligence); Okla. Stat. tit. 12, § 95(A)(3) (indicating a two-year limitation period for "[a]n action for trespass upon real property," as well as for "injury to the rights of another, not arising on contract"—regardless of which way Plaintiffs' cause of action would be classified). But Plaintiffs' claims against Mr. Basic were not filed until February 15, 2024—well over two years after the alleged damage occurred. Even if the Court were to find that the claims against Mr. Basic related back to the filing of Plaintiffs' original Petition, that occurred on November 20, 2023—again, more than two years after the alleged damage occurred. And that is despite neither Mr. nor Mrs. Foster being present during Mr. Basic's inspection. *See* **Ex. 11**, SeekNow Report, at p.3 ("Arrived at location on August 23, 2021. The insured was present at the time of the inspection.").

18.    Based on the foregoing, Plaintiffs have failed to allege a cognizable claim against Mr. Basic. Both reasons or either reason is sufficient for the Court to find him

fraudulently joined: allowing liability against him would result in double recovery as to him and State Farm and allowing the claims against him to proceed would violate the applicable statute of limitations. The claims against him should be dismissed from the Action. *See Quickmart #2, Inc. v. State Farm Fire & Cas. Co.*, No. CIV-13-1342-D, 2014 WL 819360, at *2 (W.D. Okla. Mar. 3, 2014) (indicating that a violation of the applicable limitations period is a viable method for showing that a defendant has been fraudulently joined because there is no possibility of recovery on the claim alleged against it).

     **iii)**     **Engineer Corbin Swain has been fraudulently joined.**

19.     Count VII of the Amended Petition purports to state a claim against Mr. Swain, an engineer who was retained by State Farm to inspect Plaintiffs' property as part of the at-issue insurance claim, for allegedly drafting and/or approving a report not in conformity with applicable standards. *See* **Ex. 7**, Am. Pet. ¶¶ 195-206. But the rule from *Trinity Baptist* regarding individuals involved in the evaluation of damages asserted via an insurance claim extends to engineers: "[P]laintiff's negligence claim against the [an engineer assigned to a claim is] not supported by Oklahoma law as set forth in *Trinity Baptist Church*." *Faith Temple*, 2020 WL 4274582, at *3. The reasons are the same as were expressed by the Oklahoma Supreme Court in *Trinity Baptist*—again, regardless of title, as determined by the Northern District of Oklahoma previously. "Specifically, give the existence of [the insurer's] legal duty to [the insureds], it would be fundamentally unfair to permit [the insureds] to potentially recover from both [the insurer and the engineer] for [the engineer's] allegedly negligent conduct." *Hightower*, 2017 WL 1347689, at *2 (addressing allegations against an "appraiser").

20.     Based on the foregoing, this Court should find that Plaintiffs' claim against Mr. Swain is barred under Oklahoma law, and the claim should be dismissed.

**iv)     The Wallenberg Agency has been fraudulently joined.**

**a)     Plaintiffs cannot establish a claim for negligent procurement of insurance by the Wallenberg Agency.**

21.     Although unclear from Plaintiffs' somewhat-vaguely worded Petition, it appears, under Count VI, that Plaintiffs purport to sue the Wallenberg Agency for negligent procurement of insurance. *See* **Ex. 7**, Am. Pet. ¶¶ 174-194. To prevail on this claim, Plaintiffs would have to show that "by the agent's fault, insurance [was] not procured as promised and the insured suffere[d] a loss." *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 9, 979 P.2d 266, 269. Additionally, while an agent has a duty to procure insurance, an agent "does not have a statutory duty to advise an insured with respect to his insurance needs." *Mueggenborg v. Ellis*, 2002 OK CIV APP 88, ¶ 7, 55 P.3d 452, 453; *Country Gold, Inc. v. State Auto. Prop. & Cas. Ins. Co.*, No. CIV-14-1398-D, 2015 WL 431638, *3 (W.D. Okla. Feb. 2, 2015) ("[T]here is no legal basis for Plaintiff's negligence claim based on an alleged failure of Defendant's agent to properly advise Plaintiff regarding his insurance needs or to procure a policy that provided an adequate amount of replacement cost coverage"). A general request by an insured for a particular type of policy does not create the possibility of liability for procurement. *See Rotan v. Farmers Ins. Grp. of Cos.,* 2004 OK CIV APP 11, ¶ 1, 83 P.3d 894, 895; *see also Cosper v. Farmers Ins. Co.,* 2013 OK CIV APP 78, 309 P.3d 147 (indicating that, in absence of a specific amount demanded by insureds, there can be no liability for negligent procurement of insurance).

22.     Here, Plaintiffs do not allege that the Wallenberg Agency failed to procure an insurance policy. Additionally, Plaintiffs do not allege that they requested a specific amount of coverage and that the Wallenberg Agency provided coverage for a different amount. To the contrary, Plaintiffs allege that they were insured under State Farm Policy No. 36C077183 and made an insurance claim under that policy (Claim No. 36-23N9-29N), and that State Farm investigated the claim and sent a settlement offer to Plaintiffs for covered damage to Plaintiffs' property. **Ex. 7**, Am. Pet. ¶¶ 1, 3, 19. Plaintiffs go on to allege that while State Farm made an offer of benefits under Plaintiffs' policy, this "final offer of settlement for the Foster's Family claim [was] unreasonably low because it fail[ed] to consider necessary repairs." *Id.* ¶ 48. Stated differently, Plaintiffs do not take issue with the insurance policy that the Wallenberg Agency procured, only that the amount of benefits determined to be owed by State Farm pursuant to that policy was lower than what Plaintiffs expected to receive. As stated by the Northern District of Oklahoma in *Gellner v. Progressive Northern Insurance Co.*, "[t]his is simply a garden variety breach of insurance contract claim against [State Farm], and there are no allegations in the petition suggesting that [State Farm's] decision on [Plaintiffs'] claim would have been different if [the Wallenberg Agency] had obtained some other insurance policy." No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec 7, 2021).

23.     Plaintiffs also allege that the Wallenberg Agency agreed "to procure such coverage that would provide replacement cost coverage for the home in the event of a storm damage or loss" and that the Wallenberg Agency allegedly "breached" a duty owed to Plaintiffs by "[m]isrepresenting to [them] that the policy provided the appropriate amount

of coverage to restore the property to its pre-loss condition in the event of a storm loss or damage . . . ." **Ex. 7**, Am. Pet. ¶¶ 179, 188. But, instead of relying on Plaintiffs' unsupported factual allegations, a review of the insurance policy that the Wallenbrg Agency procured makes clear that the Plaintiffs received what they requested. Indeed, the Policy contains a "Replacement Cost Loss Settlement – Similar Construction" provision which states, in pertinent part:

> [U]ntil actual repair or replacement is completed, [State Farm] will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

> [W]hen the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less . . . .

**Ex. 12**, Policy, at STATE FARM-FOSTER_0034 (emphasis and enumeration omitted).

24.    Judge Wyrick recently reviewed this exact provision in *Steinkamp v. State Farm Fire and Casualty Co.* and declared it to be "exactly what a replacement cost policy is – an insurance policy provision in which the insurer agrees to pay the insured the cost to repair or replace her damaged property after the insured has actually repaired or replaced the property." **Ex. 13**, No. CIV-22-47-PRW, ECF 21, at *5 (W.D. Okla., Sept 29, 2023) (citing *Graves v. Am. Fam. Mut. Ins. Co.*, 686 F. App'x 536, 539 (10th Cir. 2017)). Judge Wyrick ultimately found that because the agent procured the requested policy, the plaintiff in that case did not have a viable negligent procurement claim. *Id.* The same result should

follow in this case and the Court should find that Plaintiffs do not have a viable negligent procurement claim against the Wallenberg Agency.

> **b)      Plaintiffs cannot establish a claim for constructive fraud and negligent misrepresentation against the Wallenberg Agency.**

25.      It also appears that Plaintiffs are alleging a claim for constructive fraud and/or negligent misrepresentation[6] against the Wallenberg Agency, which, similar to their negligent procurement claim, is unsupported by the assertions therein and applicable law. *See* **Ex. 7**, Am. Pet. ¶¶ 149-173. Under Oklahoma law, constructive fraud consists of "any breach of duty which, without any fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1). Thus, in order to state a constructive fraud claim against the Wallenberg Agency, Plaintiffs must plead the existence of a duty that was breached by the Wallenberg Agency, that the Wallenberg Agency benefitted from that breach, and that Plaintiffs were misled to their prejudice by that breach. To attempt to further this claim, Plaintiffs incorrectly assert that, prior to the purchase of the at-issue insurance policy, the Wallenberg Agency "was required to perform an inspection of Plaintiffs' home"[7] and that the Wallenberg Agency "represented that there

---

[6] "Under Oklahoma law, constructive fraud may be based on a negligent misrepresentation or an innocent misrepresentation where there is an underlying right to be correctly informed of the facts. In other words, negligent misrepresentation is one type of constructive fraud, and therefore [a court may] consider [a plaintiff's] negligent misrepresentation and constructive fraud claims together." *Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 860 (10th Cir. 2015) (unpublished) (cleaned up).

[7] Interestingly, Plaintiffs do directly state that the Wallenberg Agency inspected their property prior to the issuance of the subject policy, though the Petition is phrased in such

were no pre-existing issues with the property." But these representations were never made and the allegations are not supported by evidence.

26.    The first element of constructive fraud fails because the Wallenberg Agency owed no duty to Plaintiffs. As demonstrated above, Oklahoma courts have consistently held that an insurance agent has no duty "to procure and maintain appropriate and adequate coverage" (*Country Gold*, 2015 WL 431638 at *2) or to "monitor and review the policy procured . . . to ensure it provide[s] appropriate and adequate coverage," *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *2 (W.D. Okla. Apr. 8, 2014). In certain circumstances, a duty *may* be imposed on an insurance agent who *chooses* to make certain representations about the property, but only when such representations actually are made. **Ex. 13**, *Steinkamp*, at *5. "While Oklahoma law does not impose an affirmative duty upon insurance agents to advise their clients of the nature and character of the insurance procured, if an agent does advise its client, it has a duty to speak truthfully." *Id.*

27.    Here, the Wallenberg Agency denies Plaintiffs' allegations regarding the representations made by Ms. Wallenberg and affirmatively states, through a declaration, that neither Ms. Wallenberg nor any of her employees performed an in-person inspection of Plaintiffs' at-issue property prior to or in association with the issuance of the subject insurance policy. **Ex. 14**, Wallenberg Decl. ¶¶ 7-8; *see Smoot*, 378 F.2d at 883-84

---

a way as to imply that an inspection occurred. Instead, Plaintiffs expressly allege that the Wallenberg Agency had a duty to inspect the property, which is contrary to Oklahoma law.

(affirming a district court's denial of a remand motion when the non-diverse co-defendant provided an affidavit indicating that he was no longer employed by the co-defendant at the time that the alleged negligence had occurred, with the affidavit negating the viability of allegations made against the non-diverse defendant by the plaintiff). Additionally, and because no inspection occurred, the Wallenberg Agency likewise never represented to Plaintiffs that their property was in good condition and free of any pre-existing damage prior to the issuance of the subject insurance policy. *Id.* ¶ 9. Further, the Wallenberg Agency is not responsible for underwriting determinations of State Farm and it does not make any decisions about whether a property meets State Farm's underwriting guidelines. *Id*. ¶¶ 10-11.

28.     With Plaintiffs' incorrect alleged representations foreclosed, there can be no duty imposed on the Wallenberg Agency and the general rule that an insurance agent has no duty to an insured applies to the matter. *See Rotan*, 83 P.3d at 894-95; *see also Cosper*, 309 P.3d at 149-50 ("Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails."); *cf. Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (indicating that there was no duty to explain coverage terms to an insured). Without a duty, there is no breach and Plaintiffs cannot maintain such an action against the Wallenberg Agency, as a matter of Oklahoma law.

### c)     Both of Plaintiffs' claims against the Wallenberg Agency are barred by limitations.

29.     In addition to the reasons included *supra* Parts B(iv)(a)-(b), Plaintiffs' have not successfully stated claims against the Wallenberg Agency because their claims have

been asserted too late. Plaintiffs allege that the Mr. Foster "worked with [the Wallenberg Agency] to ensure the proper insurance coverage and policy w[ere] secured for Plaintiffs' home" (negligent procurement claim) and that the Wallenberg Agency "assured the Foster Family [the Wallenberg Agency] could . . . procure replacement cost coverage for [Plaintiffs'] home so that, in the event of a storm loss, repairs could be made to fully restore their home to its pre-loss condition" (fraud claim). **Ex. 7**, Am. Pet. ¶¶ 151, 178. That is, Plaintiffs are alleging that the Wallenberg's alleged bad acts occurred *before* the at-issue policy ever took effect.

30.    Here, the insurance policy at issue was for the period of April 15, 2021, to April 15, 2022, meaning any actions or representations made by the Wallenberg Agency necessarily occurred prior to April 15, 2021. **Ex. 12**, Policy, at STATE FARM-FOSTER_0004. But the limitation period for both of Plaintiffs' claims is two years. *See* Okla. Stat tit. 12, § 95(A)(3). And Plaintiffs did not file their original Petition until November 20, 2023—more than two years after April 2021. *See* **Ex. 1**, Pet.

31.    Even if Plaintiffs were able to argue that the discovery rule somehow applied with regard to the terms of their insurance coverage which were available to them in April 2021 (and the Court should not apply the discovery rule here), Plaintiffs were on notice with regard to how their insurance policy functioned in relation to their insurance claim no later than September 15, 2021—again, more than two years before the original Petition was filed—when an estimate for repairs to Plaintiffs' home was issued to them by State Farm. *See* **Ex. 15,** Estimate (Aug. 26, 2021), at STATE FARM-FOSTER_0357 to _0362 (showing an actual cash value payment amount of $108.64 after applying Plaintiffs'

deductible); **Ex. 16**, Email from State Farm to Plaintiffs (Sept. 15, 2021), at STATE FARM-FOSTER_0172, _0174 same). Still, Plaintiffs waited to bring any claims against the Wallenberg Agency.

32.    Because both of Plaintiffs' claims against the Wallenberg Agency are barred by limitations, they should be dismissed and the Wallenberg Agency should be removed from this litigation. *See Quickmart #2*, 2014 WL 819360, at *2 (indicating that a violation of the applicable limitations period is a viable method for showing that a defendant has been fraudulently joined because there is no possibility of recovery on the claim alleged against it).

## C.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

33.    It is apparent from the face of the Amended Petition that Plaintiffs seek recovery of an amount in excess of $75,000. *See* **Ex. 7**, Am. Pet., at p.35 (paragraph beginning with "WHEREFORE" and seeking "damages in excess of the mount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code."). Additionally, Plaintiffs seek attorneys' fees. *See id.*

34.    Plaintiffs' assertions regarding damages in the Amended Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2).

35.    Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

**D.    REMOVAL IS PROPER BECAUSE PROCEDURAL REQUIREMENTS HAVE BEEN MET.**

36.    The aforementioned action was commenced by service of a summons for State Farm and copy of the original Petition upon the Oklahoma Department of Insurance on or around February 2, 2024, which was forwarded to State Farm by the Insurance Department on the same day, and which was received by State Farm via its selected agent on February 5, 2024. *See* **Ex. 2**, Original Service Packet (showing a "RECEIVED OKLAHOMA INSURANCE DEPARTMENT" date of "FEB 02 2024," a postmark from "02/02/2024," and a CSC receipt date of "02/05/2024"). This notice of removal is, therefore, timely under the provision of 28 U.S.C § 1446(b). *See Denny v. Ill. Nat'l Ins. Co.*, No. 10-CV-676-CVE-TLW, 2010 WL 5141656, at *5 (N.D. Okla. Dec. 13, 2010) (holding that "[i]t is the actual receipt by the defendant [of service] that controls for purposes of [28 U.S.C.] § 1446(b)" rather than receipt of the same by the Insurance Commissioner); *see also* Okla. Stat. tit. 36, § 622(B) (indicating, under state law, that completion of service via the Oklahoma Insurance Commissioner requires, at minimum, that there be "[p]rocess served upon the Insurance Commissioner *and* copy thereof forwarded" to the insurer (emphasis added)).

37.    Under 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the United States District Court for the Western District of Oklahoma because this District includes Cleveland County where the Action was pending. *See* 28 U.S.C. § 116(c).

38.    Pursuant to Local Civil Rule 81.2(a), a copy of the state court docket sheet is attached to this Notice as **Exhibit 10**. There are no motions pending before the District Court of Cleveland County, Oklahoma, and no hearings are set. *See* L. Cv. R. 81.2(b).

39.    Under 28 U.S.C. § 1446(d), State Farm certifies that it will promptly give written notice of the filing of this Notice of Removal to the Plaintiffs and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Cleveland County, Oklahoma.

40.    State Farm reserves the right to amend or supplement this Notice of Removal as allowed by law.

41.    State Farm further reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiffs' Petition pursuant to Rule 81(c)(2).

42.    To State Farm's knowledge, only it, David Camp, and the Wallenberg Agency has been served with process. Because both Mr. Camp and the Wallenberg Agency (as well as the other defendants other than State Farm) have been fraudulently joined, they are not required to join in or consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(A) (limiting the unanimity rule to "defendants who have been *properly* joined and served" (emphasis added)). Still, to the extent required, the undersigned counsel represents that Mr. Camp and the Wallenberg Agency, a dissolved entity, consent to this removal.

43.    Mr. Camp originally was served with a Summons, the Petition, and Plaintiffs' First Interrogatories and Requests for Production to Defendant David Camp, which together are attached as they were served on him as **Exhibit 17**. Then, on February

25, 2024, Mr. Camp was served with a second Summons and the Amended Petition, which together are attached as they were served on him as **Exhibit 18**.

State Farm therefore removes this matter from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma and invokes this Court's jurisdiction.

Respectfully submitted,

_s/ Andrew J. Morris_
Andrew J. Morris, OBA #31658
Peyton S. Howell, OBA #33917
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:       (405) 235-9621
Facsimile:       (405) 235-0439
andrew.morris@mcafeetaft.com
peyton.howell@mcafeetaft.com

**_Attorneys for Defendant State Farm_**
**_Fire and Casualty Company_**