# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BECKY STEINKAMP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-00047-PRW |
| STATE FARM FIRE AND CASUALTY COMPANY, and TONY BRUMMITT INSURANCE AGENCY, INC., | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Becky Steinkamp's Motion to Remand (Dkt. 13), seeking an order remanding this case to Oklahoma District Court pursuant to 28 U.S.C. § 1447(c). Defendant State Farm Fire and Casualty Company responded (Dkt. 15), and Plaintiff replied (Dkt. 19). For the reasons given below, the Motion (Dkt. 13) is **DENIED**.

### *Background*

Plaintiff filed this case in Oklahoma state court, asserting claims against State Farm Fire and Casualty Company ("State Farm") for breach of contract and bad faith breach of contract. The claims arise out of State Farm's denial of Plaintiff's hail damage claim under a homeowner's policy issued by State Farm. Plaintiff also asserts claims of negligent procurement and maintenance of insurance and constructive fraud and negligent misrepresentation against Defendant Tony Brummitt Insurance Agency, Inc. ("Brummitt Insurance"), a State Farm agent involved in procuring and issuing the policy.

1

EXHIBIT 13

State Farm removed the case to this Court based on diversity of citizenship of the parties. State Farm agrees that Plaintiff and Brummitt Insurance are both citizens of Oklahoma but argues that Plaintiff fraudulently joined Brummitt Insurance and it should therefore be dismissed. Plaintiff filed a motion to remand, disputing that it fraudulently joined Brummitt Insurance. For the reasons stated below, the Court concludes the motion to remand should be denied because Brummitt Insurance was fraudulently joined, and the claims against it should be dismissed.

## *Legal Standard*

As relevant here, to establish fraudulent joinder, Defendant "must show that there is no possibility of recovery by the plaintiffs against the instate defendants"[1]—here, Brummitt Insurance. There must be a "reasonable basis to believe plaintiff might succeed in at least one claim against the non-diverse defendant."[2] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[3]

---

[1] *Hyman v. Travelers Home & Marine Ins. Co.*, 2014 U.S. Dist. LEXIS 3012, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendant comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal.").

[2] *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed. App'x 911, 913 (10th Cir. 2006).

[3] *Id.* (internal quotation marks and citations omitted).

Typically, "removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal."[4] But where a party specifically alleges fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[5] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[6]

## *Discussion*

### I. *Negligent Procurement and Maintenance of Insurance*

Count III of Plaintiff's petition alleges a claim against Brummitt Insurance for negligent procurement and maintenance of insurance. Oklahoma recognizes a negligent procurement claim against an insurance agent where, by reason of the agent's actions, insurance is not provided as promised and the insured suffers a loss as a result.[7] In order to prevail on this claim, Plaintiff "must show that the insurance agent agreed to procure

---

[4] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); *accord Hyman*, 2014 U.S. Dist. LEXIS 3012, at *1.

[5] *Id.*

[6] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[7] *Swickey v. Silvey Cos.*, 979 P.2d 266, 268 (Okla. Civ. App. 1999) ("An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.").

3

insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so."[8]

Here, Plaintiff alleges that she requested Brummitt Insurance to procure a full replacement cost policy for her home. The policy Brummitt Insurance procured contains a "Replacement Cost Loss Settlement – Similar Construction" provision which states, in part:

> "until actual repair or replacement is completed, [State Farm] will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property. When the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less."[9]

This is exactly what a replacement cost policy is—an insurance policy provision in which the insurer agrees to pay the insured the cost to repair or replace her damaged property after the insured has actually repaired or replaced the property.[10] Though it appears that Brummitt Insurance procured the requested policy, Plaintiff nevertheless argues that Brummitt Insurance was negligent because the policy, "in actuality, replaced

---

[8] *Pardue v. Humble Ins. Agency*, No. CIV-14-1049-D, 2016 WL 4275816, at *2 (W.D. Okla. Aug. 12, 2016) (quoting *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 673 (10th Cir. 2001)).

[9] Def.'s Resp. in Opp. to Pl's Mot. to Remand (Dkt. 18), Ex. 4, at 21.

[10] *See Graves v. Am. Fam. Mut. Ins. Co.*, 686 F. App'x 536, 539 (10th Cir. 2017) ("Under a replacement cost policy, the insured must actually repair or replace the damaged property in order to recover the full replacement cost; otherwise, the insured may recover only the actual cash value.").

4

nothing . . . ."[11] In other words, Brummitt Insurance was negligent because State Farm denied Plaintiff's claim. But State Farm denied the claim not because of the type of policy Brummitt Insurance procured, but because it determined that her roof did not sustain a covered loss.[12] By all indications, Brummitt Insurance procured the policy Plaintiff requested. State Farm does not deny that the policy covers hail damage, and it does not dispute that Plaintiff's claim would be covered if she could establish that the roof had sustained such damage.[13] In short, Plaintiff's claim against State Farm depends upon what damage her roof sustained, not the terms of her policy. Because Plaintiff cannot show that Brummitt Insurance agreed to procure insurance coverage of a certain type or breadth and then failed to do so, she does not state a viable claim against Brummitt Insurance for negligent procurement of insurance.

  *II. Constructive Fraud and Negligent Misrepresentation*

Count IV of Plaintiff's Petition alleges a claim for constructive fraud and negligent misrepresentation. Under Oklahoma law, as relevant here, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice."[14] Thus, in order to state a claim, Plaintiff must plead a duty that was breached by Brummitt Insurance, that Brummitt Insurance benefited from that breach, and that Plaintiff was prejudiced by the breach.

---

[11] Pl.'s Mot. to Remand (Dkt. 13), at 7.

[12] Def.'s Notice of Removal (Dkt. 1), Ex. 2, ¶5.

[13] Def.'s Resp. in Opposition to Mot. to Remand (Dkt. 18), at 17.

[14] Okla. Stat. tit. 15, § 59(1).

Plaintiff claims that Brummitt Insurance breached its "duty to exercise reasonable diligence and skill in obtaining and accurately notifying Plaintiff of the nature and character of the insurance procured."[15] While Oklahoma law does not impose an affirmative duty upon insurance agents to advise their clients of the nature and character of the insurance procured,[16] if an agent does advise its client, it has a duty to speak truthfully.[17]

Plaintiff's constructive fraud claim focuses on Brummitt Insurance's alleged representations to Plaintiff that "nothing would preclude her from receiving replacement cost benefits in the event of a covered loss."[18] According to Plaintiff, these representations were untruthful because State Farm later denied her hail damage claim, and hail damage is covered under Plaintiff's policy. But State Farm as the insurer determines whether a covered loss occurred,[19] and it denied Plaintiff's claim precisely because it determined that

---

[15] Def.'s Notice of Removal (Dkt. 1), Ex. 2, ¶ 49.

[16] *See Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) ("Insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs.") (citation omitted).

[17] *See Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353-54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."); *Berry v. Stevens*, 31 P.2d 950, 955 (Okla. 1934) ("Though one may be under no duty to speak, if he undertakes to do so, he must tell the truth[.]" (quoting *Sullivan v. Helbing*, 66 Cal. App. 478, 226 P. 803, 805 (Cal. Dist. Ct. App. 1924))).

[18] Pl.'s Mot. to Remand (Dkt. 13), at 12.

[19] Of course, Plaintiff can and does contest State Farm's determination that no covered loss occurred in her "Breach of Contract" claim. Def.'s Notice of Removal (Dkt. 1), Ex. 2, ¶ 27.

6

a covered loss had not occurred.[20] Plaintiff does not allege that Brummitt Insurance assured her the hail damage at issue was a covered loss. Construing the facts in the light most favorable to Plaintiff, Brummitt Insurance represented only that Plaintiff would receive replacement cost benefits *if* a covered loss occurred. Because State Farm found that no covered loss occurred, there is no factual basis that Brummitt Insurance's representations to Plaintiff were untruthful.[21]

Plaintiff also claims that Brummitt Insurance misrepresented to her that her property met State Farm's underwriting requirements.[22] This cannot be a misrepresentation because there is no indication that Plaintiff's property did not meet State Farm's underwriting requirements. Again, State Farm denied Plaintiff's claim because it determined that a covered loss had not occurred. This determination was made irrespective of State Farm's

---

[20] *Id.* at ¶ 27 ("On or about May 13, 2021, State Farm sent Plaintiff's husband a letter denying payment of the claim, reasoning that their inspection did not reveal any accidental direct physical loss to Plaintiff's roof. Specifically, [State Farm's inspector] found no hail damage.").

[21] The Court acknowledges that, in a previous case, it found that the defendants failed to establish fraudulent joinder where the plaintiffs asserted a constructive fraud claim against their insurance agent. *S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, 2022 U.S. Dist. LEXIS 229487, at *5 (W.D. Okla. Dec. 21, 2022). There, the plaintiffs alleged that their insurance agent had assured them there was no preexisting property damage that would impact future coverage under their property insurance policy. *Id.* at *3. The plaintiffs' insurer later denied coverage under the policy based on preexisting damage to the property, giving rise to the possibility of recovery against the insurance agent for constructive fraud. *Id.* In this case Brummitt Insurance assured Plaintiff that her home was eligible for replacement coverage in the event of a covered loss. State Farm, however, denied Plaintiffs claim not because of preexisting damage, but because it found no damage. Unlike the previous case, State Farm's finding does not contradict Brummitt Insurance's assurance, so there is no basis for Plaintiff's constructive fraud claim.

[22] Def.'s Notice of Removal (Dkt. 1), Ex. 2, ¶ 49(b).

7

underwriting requirements. Because Plaintiff has not alleged any actual misrepresentations, the Court finds that Brummitt Insurance did not breach any duty it owed to Plaintiff. Accordingly, Plaintiff cannot state a viable claim against Brummitt Insurance for constructive negligence or negligent misrepresentation.[23]

*Conclusion*

In sum, there is no reasonable basis to believe that Plaintiff could establish either a negligent procurement claim or a constructive fraud or negligent misrepresentation claim against Brummitt Insurance under these circumstances. This encompasses all of Plaintiff's claims against Brummitt Insurance.

For the reasons stated above, Brummitt Insurance is a fraudulently joined defendant for removal purposes and its citizenship must be disregarded. Plaintiff's Motion to Remand (Dkt. 13) is therefore **DENIED**. The claims against Brummitt Insurance are **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 29th day of September 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[23] Plaintiff also claims that Brummitt made misrepresentations to Plaintiff by "procuring, selling and renewing illusory insurance coverage and representing to Plaintiff that by purchasing a replacement cost policy with State Farm, she would be buying peace of mind, knowing such statement was untrue." *Id.* at ¶ 49(a). Again, the terms of Plaintiff's policy show that it does contain a replacement cost policy, so this allegation has no basis in fact.

8

9