## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DON FOSTER and**<br>**BRENDA FOSTER,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**STATE FARM FIRE AND**<br>  **CASUALTY COMPANY,**<br>**NOAH BASIC,**<br>**DAVID CAMP,**<br>**CORBIN SWAIN, and**<br>**RITA WALLENBERG INSURANCE**<br>  **AGENCY, INC.,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)      **Case No. 24-CV-222-PRW**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
### ANSWER TO PLAINTIFFS' AMENDED PETITION

Defendant State Farm Fire and Casualty Company ("State Farm"), for its Answer to Plaintiffs' Amended Petition [ECF No. 1-7], states that all allegations in Plaintiffs' Amended Petition are denied unless specifically admitted herein, and more specifically states as follows:[1]

1.    Plaintiffs' allegations in ¶ 1 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that Policy No. 36-CO-7718-3, subject to all terms, conditions, definitions, exclusions, coverages, amendments,

---

[1] The numbered paragraphs herein correspond and respond to the numbered paragraphs in Plaintiffs' Amended Petition [ECF No. 1-7]. Plaintiffs filed their Amended Petition in state court prior to State Farm's deadline to answer, move against, or otherwise respond to the original Petition [ECF No. 1-1]. *See* Order of Feb. 22, 2024, ECF No. 1-6

deductibles, and limitations thereof (together, the "Policy") was issued to Plaintiffs for the period of April 15, 2021 to April 15, 2022 (the "Policy Period"). Except as admitted, denied.

2.     Upon information and belief, State Farm admits that Plaintiffs are residents of Oklahoma City and citizens of the State of Oklahoma.

3.     State Farm admits that Plaintiffs made an insurance claim for a storm-caused loss which was reported to have occurred on July 18, 2021. State Farm denies the nature and extent of Plaintiffs' claimed covered damages to the Property. State Farm admits that it assigned the loss Claim No. 36-23N9-29N. Except as admitted, denied.

4.     Plaintiffs' allegations in ¶ 4 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that the Policy was issued to Plaintiffs for the Policy Period. Except as admitted, denied.

5.     Denied.

6.     Plaintiffs' allegations in ¶ 4 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that Plaintiffs made an insurance claim for a storm-caused loss which was reported to have occurred on July 18, 2021 and that Plaintiffs' property was inspected as part of the claim-handling process. State Farm denies the nature and extent of Plaintiffs' claimed covered damages to the Property. Except as admitted, denied.

7.     State Farm admits that it is an insurance company incorporated in Illinois with its principal place of business located in Illinois, and that it is authorized to do business, and does business, in the State of Oklahoma. State Farm further admits that it

may be served with process via its statutorily-required service agent. State Farm denies the remaining allegations contained in ¶ 7 of Plaintiffs' Amended Petition and any implications drawn therefrom.

8.    State Farm admits that Mr. Camp lives in Oklahoma and is licensed by the Oklahoma Department of Insurance. State Farm denies that Mr. Camp is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

9.    State Farm admits that Mr. Camp was assigned to Plaintiffs' insurance claim as an adjuster. Except as admitted, denied.

10.    State Farm admits that Mr. Basic is an inspector for Seek Now. State Farm denies that Mr. Basic is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

11.    State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11. *See* Fed. R. Civ. P. 8(b)(5).

12.    State Farm admits that Mr. Basic performed an inspection of Plaintiffs' property on August 23, 2021. Except as admitted, denied.

13.    State Farm admits that the Rita Wallenberg Insurance Agency, Inc. (the "Wallenberg Agency") was Plaintiffs' agent for the Policy for the Policy Period. State Farm denies that the Wallenberg Agency is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

14.    State Farm admits, upon information and belief, that the Wallenberg Agency has been dissolved due to Ms. Wallenberg's retirement and that, prior to such dissolution,

the Wallenberg Agency was a corporation incorporated under the laws of the State of Oklahoma with its principal place of business in Oklahoma. Except as admitted, denied.

15.     State Farm denies that any liability may be imposed on the Wallenberg Agency or Ms. Wallenberg. State Farm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 15. *See* Fed. R. Civ. P. 8(b)(5).

16.     State Farm admits that Mr. Swain is an engineer who is licensed by the State of Oklahoma. State Farm denies that Mr. Swain is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

17.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17. *See* Fed. R. Civ. P. 8(b)(5).

18.     State Farm does not contest that *this* Court has jurisdiction over this action and that venue is appropriate. For the reasons expressed in its Notice of Removal [ECF No. 1], State Farm denies that Mr. Camp, Mr. Basic, Mr. Swain, or the Wallenberg Agency may be included as defendants in this action.

19.     State Farm admits that Plaintiffs made an insurance claim for a storm-caused loss which was reported to have occurred on July 18, 2021. State Farm denies the nature and extent of Plaintiffs' claimed covered damages to the Property. State Farm admits that it considered the information submitted by Plaintiffs and that it conducted an appropriate investigation based on such information as it was available. State Farm admits that Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. State Farm

expressly denies that it has "waived its right to assert a statute of limitations defense and/or is estopped from asserting such a defense." Except as admitted, denied.

20.    Denied.

## ALLEGED COUNT I

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 21 in Plaintiffs' Amended Petition [ECF No. 1-7].

21.    Denied.

22.    Plaintiffs' allegations in ¶ 22 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that it has certain legal duties set by the Policy and by Oklahoma law. Except as admitted, denied.

23.    Plaintiffs' allegations in ¶ 23 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that it has certain legal duties set by the Policy and by Oklahoma law. Except as admitted, denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    State Farm admits that it issued payments to Plaintiffs on September 15, 2021, and on August 4, 2022. State Farm admits that Plaintiffs' insurance claim originally was made on August 19, 2021. State Farm denies any implication by Plaintiffs from the dates of such actions. Except as admitted, denied.

45.    Denied.

46.    Denied.

47.    State Farm admits that Plaintiffs made an insurance claim for a storm-caused loss which was reported to have occurred on July 18, 2021. State Farm denies the nature and extent of Plaintiffs' claimed covered damages to the Property. State Farm admits that

Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. Except as admitted, denied.

48.     Denied.

49.     Plaintiffs' allegations in ¶ 49 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that it has certain legal duties set by the Policy and by Oklahoma law. Except as admitted, denied.

50.     Denied.

51.     Denied.

52.     State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiffs' Footnote No. 1. *See* Fed. R. Civ. P. 8(b)(5). Except as admitted, denied.

53.     State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

54.     State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

55.     State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

56.     Denied.

57.     State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

58.    State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

59.    State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

60.    State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

61.    Denied.

62.    State Farm admits that it did not deny Plaintiffs' insurance claims. Rather, it issued payments to Plaintiffs on September 15, 2021, and on August 4, 2022. State Farm admits that it communicated with Plaintiffs during their insurance claim both in writing and via telephone. Such communications speak for themselves. Except as admitted, denied.

63.    State Farm admits that it communicated with Plaintiffs during their insurance claim both in writing and via telephone. Such communications speak for themselves. Except as admitted, denied.

64.    Any response to the allegation included in ¶ 64 is protected by the attorney-client privilege and therefore is not required of State Farm.

65.    Denied.

66.    Plaintiffs' allegations in ¶ 66 are legal requests to which no response is required. To the extent a response is required, State Farm admits that Plaintiffs are demanding reformation but denies that Plaintiffs have adequately stated facts which would support reformation. State Farm further denies that the Policy does not reflect "the actual and real agreement of the parties." Except as admitted, denied.

67.     Denied.

68.     Denied, including denial of those allegations made in sub-paragraphs (a) through (d).

69.     Denied.

70.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of what "Plaintiff[s'] counsel is aware of" and denies the relevancy of any such beliefs of counsel which exist. *See* Fed. R. Civ. P. 8(b)(5). State Farm denies the remaining allegations in ¶ 70.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     State Farm admits that a verdict was issued in *Bates* but denies its relevancy to this action. The filings and actions in *Bates* speak for themselves. Except as admitted, denied.

79.     State Farm admits that certain testimony occurred in *Bates* but denies its relevancy to this action and denies that Plaintiffs have provided proper context for their allegations. The filings and actions in *Bates* speak for themselves. Except as admitted, denied.

80.     State Farm admits that a verdict was issued in *Rowan* but denies its relevancy to this action. The filings and actions in *Rowan* speak for themselves. Except as admitted, denied.

81.     Denied.

82.     State Farm admits that it removed *Rowan* to federal court and that the matter subsequently was remanded. State Farm denies that relevancy of that removal and remand to this action. State Farm denies that a "sanction" was imposed in *Rowan*. Indeed, the word "sanction" never appears in *Rowan v. State Farm Fire and Casualty Co.*, No. CIV-19-205-PRW, 2019 WL 4166697 (W.D. Okla. Sept. 3, 2019).

83.     Denied.

84.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 84 because no comparison date has been provided by Plaintiffs for the comparison made therein. *See* Fed. R. Civ. P. 8(b)(5).

85.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 85 because no comparison date has been provided by Plaintiffs for the comparison made therein. *See* Fed. R. Civ. P. 8(b)(5).

86.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 86 because no comparison date has been provided by Plaintiffs for the comparison made therein. *See* Fed. R. Civ. P. 8(b)(5).

87.     Denied.

88.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 88 because Plaintiffs have not provided a source from which

the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 88 to this action.

89.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 89 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 89 to this action.

90.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 90 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 90 to this action.

91.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 91 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 91 to this action.

92.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 92 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 92 to this action.

93.     State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 93 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 93 to this action.

94.    State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 94 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 94 to this action.

95.    State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 95 because Plaintiffs have not provided a source from which the alleged statistic was retrieved. *See* Fed. R. Civ. P. 8(b)(5). Regardless, State Farm denies the relevancy of the statistic included in ¶ 95 to this action.

96.    State Farm admits that it is represented by the indicated law firms in Oklahoma litigation but denies the relevancy of such representations to this action. Except as admitted, denied.

97.    State Farm admits that it is has been represented by additional law firms in Oklahoma litigation but denies the relevancy of such representations to this action. Except as admitted, denied.

98.    State Farm admits that it has incurred legal expenses related to Oklahoma litigation but denies the relevancy of such expenses to this action. Except as admitted, denied.

99.    Denied.

100.    State Farm admits that Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. State Farm admits that it did not retain any other engineers

who conducted inspections of Plaintiffs' property during the period of claim handling. Except as admitted, denied.

101.    State Farm admits that Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. State Farm admits that it did not retain any other engineers who conducted inspections of Plaintiffs' property during the period of claim handling Except as admitted, denied.

102.    State Farm admits that Mr. Swain is an engineer who is licensed by the State of Oklahoma. Except as admitted, denied.

103.    State Farm admits that Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. Except as admitted, denied.

104.    State Farm admits that Mr. Swain is an engineer who is licensed by the State of Oklahoma. Except as admitted, denied.

105.    Denied.

106.    Plaintiffs' allegations in ¶ 106 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that it has certain legal duties set by the Policy and by Oklahoma law. Except as admitted, denied.

107.    State Farm admits that it provides training to adjusters and that such training is consistent with the Policy and Oklahoma law. Except as admitted, denied.

108.    Denied.

109.   State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 109. *See* Fed. R. Civ. P. 8(b)(5).

110.   State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 110. *See* Fed. R. Civ. P. 8(b)(5).

111.   State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 111. *See* Fed. R. Civ. P. 8(b)(5).

112.   State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 112 because such allegations make no sense grammatically. *See* Fed. R. Civ. P. 8(b)(5).

113.   State Farm admits that it expects engineers which it employs to conduct an assessment with regard to an insurance claim will gather and utilize appropriate information in doing so. Except as admitted, denied.

114.   Denied.

115.   State Farm admits that it expects engineers which it employs to conduct an assessment with regard to an insurance claim will gather and utilize appropriate information in doing so. Except as admitted, denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.    Denied.

## .ALLEGED COUNT II

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 123 in Plaintiffs' Amended Petition [ECF No. 1-7].

123.    The allegations in ¶ 123 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that Mr. Camp is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

124.    The allegations in ¶ 123 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, Plaintiffs' allegations in ¶ 124 are legal conclusions to which no response is required. Except as admitted, denied.

125.    The allegations in ¶ 125 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

126.    The allegations in ¶ 126 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

127.    The allegations in ¶ 127 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

128.    The allegations in ¶ 128 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

129.    The allegations in ¶ 129 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

130.    The allegations in ¶ 130 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

131.    The allegations in ¶ 131 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

132.    The allegations in ¶ 132 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

133.    The allegations in ¶ 133 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

## ALLEGED COUNT III

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 134 in Plaintiffs' Amended Petition [ECF No. 1-7].

134.    The allegations in ¶ 134 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that Mr. Basic is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

135.    The allegations in ¶ 135 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits

that Mr. Basic performed an inspection of Plaintiffs' property on August 23, 2021. Except as admitted, denied.

136.    The allegations in ¶ 136 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

137.    The allegations in ¶ 137 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

138.    The allegations in ¶ 138 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

139.    The allegations in ¶ 139 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

140.    The allegations in ¶ 140 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

## **ALLEGED COUNT IV**

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 141 in Plaintiffs' Amended Petition [ECF No. 1-7].

141.    The allegations in ¶ 141 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that Mr. Basic is an appropriate defendant to be included in this lawsuit. Except as admitted, denied.

142.    The allegations in ¶ 142 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

143.    The allegations in ¶ 143 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

144.    The allegations in ¶ 144 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

145.    The allegations in ¶ 145 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

146.    The allegations in ¶ 146 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

147.    The allegations in ¶ 147 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

148.    The allegations in ¶ 148 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

## **ALLEGED COUNT V**

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 149 in Plaintiffs' Amended Petition [ECF No. 1-7].

149.    The allegations in ¶ 149 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that the Wallenberg Agency is an appropriate

defendant to be included in this lawsuit. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. Except as admitted, denied.

150.    The allegations in ¶ 150 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. Except as admitted, denied.

151.    The allegations in ¶ 151 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. State Farm further admits that Ms. Wallenberg procured replacement cost coverage for State Farm as is reflected in the Policy. Except as admitted, denied.

152.    The allegations in ¶ 152 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. State Farm further admits that Ms.

Wallenberg procured replacement cost coverage for State Farm as is reflected in the Policy. Except as admitted, denied.

153. The allegations in ¶ 153 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. State Farm further admits that Ms. Wallenberg procured replacement cost coverage for State Farm as is reflected in the Policy. Except as admitted, denied.

154. The allegations in ¶ 154 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. State Farm further admits that Ms. Wallenberg procured replacement cost coverage for State Farm as is reflected in the Policy. Except as admitted, denied.

155. The allegations in ¶ 155 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

156. The allegations in ¶ 156 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

157. The allegations in ¶ 157 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

158.    The allegations in ¶ 158 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

159.    The allegations in ¶ 159 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

160.    The allegations in ¶ 160 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

161.    The allegations in ¶ 161 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

162.    Plaintiffs' allegations in ¶ 162 are legal requests to which no response is required. To the extent a response is required, State Farm admits that Plaintiffs are demanding reformation but denies that Plaintiffs have adequately stated facts which would support reformation. State Farm further denies that the Policy does not reflect "the actual and real agreement of the parties." Except as admitted, denied.

163.    The allegations in ¶ 163 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

164.    The allegations in ¶ 164 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

165.    The allegations in ¶ 165 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

166.    The allegations in ¶ 166 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

167.    The allegations in ¶ 167 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

168.    The allegations in ¶ 168 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

169.    The allegations in ¶ 169 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

170.    The allegations in ¶ 170 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

171.    The allegations in ¶ 171 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

172.    The allegations in ¶ 172 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

173.    The allegations in ¶ 173 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

## **ALLEGED COUNT VI**

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 174 in Plaintiffs' Amended Petition [ECF No. 1-7].

174.    The allegations in ¶ 174 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that the Wallenberg Agency is an appropriate

defendant to be included in this lawsuit. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. Except as admitted, denied.

175.    The allegations in ¶ 175 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

176.    The allegations in ¶ 176 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

177.    The allegations in ¶ 177 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

178.    The allegations in ¶ 178 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits that Ms. Wallenberg, via the Wallenberg Agency, was an agent with authority to place certain policies issued by State Farm and Ms. Wallenberg was the agent working with Plaintiffs at the time the Policy was procured. State Farm further admits that Ms. Wallenberg procured replacement cost coverage for State Farm as is reflected in the Policy. Except as admitted, denied.

179.    The allegations in ¶ 179 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

180.    The allegations in ¶ 180 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

181.   The allegations in ¶ 181 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

182.   The allegations in ¶ 182 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

183.   The allegations in ¶ 183 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, Plaintiffs' allegations in ¶ 183 are legal conclusions to which no response is required. To the extent a response is required, State Farm admits that the Policy was issued to Plaintiffs for the Policy Period. Except as admitted, denied.

184.   The allegations in ¶ 184 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

185.   The allegations in ¶ 185 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

186.   The allegations in ¶ 186 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

187.   The allegations in ¶ 187 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied, including denial of those allegations made in sub-paragraphs (a) through (f).

188.   The allegations in ¶ 188 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

189.   The allegations in ¶ 189 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

190.    The allegations in ¶ 190 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

191.    The allegations in ¶ 191 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

192.    The allegations in ¶ 192 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

193.    The allegations in ¶ 193 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

194.    The allegations in ¶ 194 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

## ALLEGED COUNT VII

State Farm incorporates its responses to the foregoing paragraphs as if restated herein in response to the unnumbered paragraph preceding ¶ 195 in Plaintiffs' Amended Petition [ECF No. 1-7].

195.    The allegations in ¶ 195 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, and for these and all successive allegations, State Farm denies that Mr. Swain is an appropriate defendant to be included in this lawsuit. To the extent a response is required, State Farm admits that Mr. Swain is an engineer who is licensed by the State of Oklahoma. Except as admitted, denied.

196.    The allegations in ¶ 196 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, State Farm admits

that Mr. Swain performed an inspection of Plaintiffs' property on June 30, 2022, and that he issued a report with a date of July 29, 2022. Mr. Swain's report speaks for itself. Except as admitted, denied.

197.    The allegations in ¶ 197 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

198.    The allegations in ¶ 198 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

199.    The allegations in ¶ 199 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

200.    The allegations in ¶ 200 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

201.    The allegations in ¶ 201 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

202.    The allegations in ¶ 202 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

203.    The allegations in ¶ 203 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied, including denial of those allegations made in sub-paragraphs (a) through (f).

204.    The allegations in ¶ 204 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

205.    The allegations in ¶ 205 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

206.    The allegations in ¶ 206 are aimed at a defendant other than State Farm to which State Farm need not respond. To the extent a response is required, denied.

State Farm denies that Plaintiffs are entitled to the relief sought in the unnumbered "WHEREFORE" paragraph on page 32 of the Amended Petition [ECF No. 1-7] and requests that the Court:

      a.    Dismiss Plaintiffs' Amended Petition with prejudice;

      b.    Enter judgment against Plaintiffs; and

      c.    Grant State Farm its costs, attorneys' fees, and other such relief as may be just and equitable, or as required by law.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

For further answer, and without assuming any burden or obligation other than that imposed by operation of law, State Farm asserts the following Affirmative and/or Other/Additional Defenses to the claims set forth in Plaintiffs' Amended Petition. State Farm reserves the right to seek leave to amend or supplement these defenses as discovery and further investigation warrant, and as Plaintiffs' asserted causes of action are made clear to State Farm.

1.    Plaintiffs have not stated claims that are cognizable under Oklahoma law and have failed to state claims upon which relief can be granted.

2.    Plaintiffs' claims are barred because they cannot establish the elements of each of their purported claims, or the alleged conduct does not satisfy the elements.

3.      Plaintiffs' claims are barred because State Farm acted in accordance with the terms, conditions, exclusions, and limitations of the coverage, if any, provided to Plaintiffs.

4.      Plaintiffs' claims are barred because they did not present State Farm with a loss insured by the coverage, if any, provided to Plaintiffs either in whole or in part.

5.      At all times, State Farm acted in good faith and in accordance with applicable laws in effect at the time and based on the then-existing information made available to it by Plaintiffs.

6.      Plaintiffs cannot show that State Farm's conduct was unreasonable in any material respect and/or that there was not a legitimate dispute over the coverage of loss, amount of damages, value of claims, and/or scope or causation of claimed damages under the coverage, if any, provided to Plaintiffs.

7.      Plaintiffs' claims are barred by applicable provisions in the coverage, if any, provided to Plaintiffs, including but not limited to all definitions, terms, conditions, limitations, exclusions, amendments, and deductibles, and other limitations therein that apply by virtue of facts which may become known during the course of discovery or further investigation.

8.      Plaintiffs' claims fail because Plaintiffs did not present adequate documentation in support of their request(s) for payment.

9.      Plaintiffs' claims are barred by the applicable statute of limitations, wavier, release, and/or laches.

10.     Plaintiffs' claims may be barred, in whole or in part, by payment, accord and satisfaction, offset/setoff, and/or recoupment.

11.     Plaintiffs' claims may be barred, in whole or in part, by their failure to cooperate with State Farm in the investigation and/or settlement of his claim during the claim-handling process.

12.     Plaintiffs' claims are barred to the extent they did not preserve and/or exhibit the damaged components of the Property such that State Farm could inspect and investigate.

13.     Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to satisfy the pre-conditions and/or conditions precedent and/or other similar required elements of the coverage, if any, provided to Plaintiffs.

14.     Plaintiffs' claims may be barred, in whole or in party, by the doctrine of unclean hands.

15.     State Farm breached no duty owed to Plaintiffs.

16.     Plaintiffs have not suffered any damages.

17.     Plaintiffs have failed to mitigate their damages, if any.

18.     Plaintiffs' claimed damages are not of the nature or to the extent alleged.

19.     Plaintiffs' claims may be barred, in whole or in part, because they were caused by Plaintiffs and/or other parties or third parties over whom State Farm has no control and for whom State Farm is not responsible.

20.     Plaintiffs' bad faith claim is barred to the extent it relies on conduct after State Farm made its claim determination.

21.     Plaintiffs are not entitled to attorneys' fees or other costs.

22.     Plaintiffs' request for punitive damages fails for the following reasons:

(a)    Plaintiffs fail to state facts sufficient to support the imposition of punitive damages;

(b)    State Farm did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred;

(c)    Plaintiffs are not entitled to punitive damages under 23 Okla. Stat. § 9.1 and case law interpreting the same;

(d)    Punitive damages are not recoverable from State Farm as a matter of law;

(e)    Due to the lack of clear standards, the imposition of punitive damages against State Farm would be unconstitutional under the doctrines of vagueness and overbreadth;

(f)    Plaintiffs' demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and

(g)    Plaintiffs' request for punitive damages may violate the provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses to the extent it

allows the jury to consider harm to third parties in violation of the Fourteenth Amendment and *Philip Morris USA v. Williams*; to the extent Plaintiffs seeks to recover punitive damages, in an amount which is unconstitutionally excessive, such damages would violate Article II, §§ 7 and 9, of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

23.     State Farm asserts all rights to indemnification and contribution available to it and the ability to attribute any fault, damage, or loss to any other party or non-party.

24.     State Farm asserts all forms of tort reform available under Oklahoma law, including but not limited to all damages caps available in Titles 12 and 23 and any other applicable caps or limitations to damages available by contract, by Oklahoma law, or by due process limitations.

25.     Plaintiffs are not vicariously liable for the actions of any other defendants.

Respectfully submitted,

*s/ Andrew J. Morris*

Andrew J. Morris, OBA #31658
Peyton S. Howell, OBA #33917
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:       (405) 235-9621
Facsimile:       (405) 235-0439
andrew.morris@mcafeetaft.com
peyton.howell@mcafeetaft.com

***Attorneys for Defendant State Farm Fire and Casualty Company***