IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON FOSTER AND BRENDA FOSTER ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 24-CV-222-PRW |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, et al. ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANT CORBIN SWAIN'S RESPONSE
TO PLAINTIFFS' MOTION TO REMAND**

DEFENDANT CORBIN SWAIN, ("Swain"), by and through his counsel of record, files his Response to Plaintiffs' Motion to Remand, specifically to establish the fact that Defendant Swain was fraudulently joined to this action and his citizenship should not be considered for purposes of the Court's determination of jurisdiction.

**I.      SUMMARY OF ARGUMENT**

1. Plaintiffs' Motion to Remand suffers from two primary and foundational failures in relation to the claimed viability of Plaintiffs' claims as to Swain – (1) Oklahoma law properly bars negligence and gross negligence claims against contractors such as Swain, and (2) Plaintiffs have only alleged claims of negligence and gross negligence against Swain.  Thus, Swain was fraudulently joined to this action as the claims against him are baseless.

**II.      RELEVANT FACTS**

2. Count VII of Plaintiffs' First Amended Petition asserts a claim against Swain for negligence and gross negligence. Doc. 21-1, ¶¶ 195-206.  Count VII of Plaintiffs' First Amended Petition does not assert any claims for fraud or any intentional tort claims.  *Id*.

3. Swain is a licensed professional engineer in the State of Oklahoma. *Id*., ¶ 16.

4.	Plaintiffs' real property which is the subject of Plaintiffs' claims was insured by State Farm at the relevant time. *Id*., ¶¶ 1, 3.

5.	Plaintiffs submitted a claim for damages to State Farm as a result of alleged hail and wind damage to Plaintiffs' real property. *Id*., ¶ 3.

6.	Envista and Swain were hired by State Farm to act as a consulting engineer to perform consulting and inspection services in conjunction with the adjustment of Plaintiffs' property damage claim. *Id*., ¶¶ 19, 47, 195-197.

7.	Swain performed an inspection of Plaintiffs' property in his role as a consulting engineer on or about June 30, 2022. *Id*., ¶¶ 195-197.

8.	Swain issued a report based on his inspection on July 29, 2022 finding no wind or hail damage to the roof shingles or valley metals. *Id*., ¶ 19.

9.	State Farm – not Envista or Swain – determined Plaintiffs' roof was not damaged by hail and the interior damage to the home was not caused by the storm. *Id*. ¶ 47.

10.	Swain and Envista did not have any further involvement in Plaintiffs' insurance claim after issuing the July 29, 2022 report, did not have a contract with Plaintiffs, and did not perform any engineering work on Plaintiffs behalf. Doc. 21-2, Exhibit A, Affidavit of Corbin Swain.

### III.  ARGUMENT AND AUTHORITY

A. **Standard of Review**

11.	"The joinder of a resident defendant against whom no action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967). "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the

entire record, and determine the basis of joinder by any means available." *Id*. (internal quotation marks and citations omitted). Swain did not owe Plaintiffs a duty under Oklahoma law and thus cannot be liable to Plaintiffs for negligence or gross negligence. Therefore, Plaintiffs' claims against Swain are fraudulent.

**B. Swain did Not Owe Plaintiffs a Duty and Cannot be Liable**

12. Plaintiffs' claims for negligence and gross negligence against Swain are premised upon allegations that he owed a duty to Plaintiffs when performing engineering practices for State Farm to act with reasonable care, skill, and diligence and to perform an ethical, reasonable inspection, and subsequently write an accurate, unbiased engineering report. *See* Doc. 21-1, Plaintiffs' First Amended Petition, ¶¶ 19, 47, 102-103, 195-206. Plaintiffs' claims for negligence and gross negligence fail as a matter of law because Swain does not owe a duty to Plaintiffs under Oklahoma law.

13. Oklahoma recognizes an implied duty on the part of an insurer to deal fairly and act in good faith with regard to its insured. *Timmons. v. Royal Globe Ins. Co.*, 1982 OK 97, ¶ 12, 653 P.2d 907. However, Oklahoma has refused to recognize the theory of negligence against a party who is not party to an insurance contract between the insurer and the insured. *See Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC*, 341 P.3d 75. ("As this jurisdiction has embraced the implied covenant spoken to in Gruenberg, supra, it is clear that the cause will not lie against a stranger to the contract".)

14. For example, in *Trinity*, the Oklahoma Supreme Court specifically examined this issue and held an independent adjuster hired by an insurance company did not owe a duty to the insured. The independent adjuster's role in *Trinity* is analogous to Swain's role in the case at bar, as he was hired by State Farm to simply examine the Property and report his findings. Swain was

not involved in adjusting the claim filed by Plaintiffs. The *Trinity Court* began its analysis by noting that "[t]he threshold question in any action for negligence is the existence of a duty." 2014 OK 106, ¶ 21, 341 P.3d 75, 82 citing *Wood v. Mercedes-Benz of Oklahoma City*, 2014 OK 68, ¶ 7, 336 P.3d 457; *Miller v. David Grace, Inc.,* 2009 OK 49, ¶ 11, 212 P.3d 1223; *Bray v. St. John Health Sys., Inc.*, 2008 OK 51, ¶ 6, 187 P .3d 721. The existence of a legal duty is a question of law for the court. *Id*. citing *Wood*, 2014 OK 68, ¶ 7, 336 P.3d 457; *Miller*, 2009 OK 49, ¶11, 212 P.3d 1223. Where the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law. *Id*. citing *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 12, 160 P.3d 959; *First Nat'l Bank in Durant v. Honey Creek Entertainment Corp.*, 2002 OK 11, ¶ 20, 54 P.3d 100.

15.   The *Trinity Court* explained the test for determining whether a duty exists as follows:

> A legal duty is an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. *Iglehart v. Bd. of County Com'rs of Rogers County,* 2002 OK 76, n. 17, 60 P.3d 497. While the question of duty is usually presented in terms of a particular actor's obligation, this Court has previously noted that the essential question is whether the plaintiff's interests are entitled to protection against the defendant's conduct. *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dept.,* 2010 OK 9, 230 P.3d 869; *Wofford v. Eastern State Hosp.,* 1990 OK 77, ¶ 10, 795 P.2d 516. The foreseeability of harm to the potential plaintiffs as a result of an individual's conduct is one of the most important considerations used to determine the existence of a legal duty. *Morales,* 2010 OK 9, ¶ 21, 230 P.3d 869; *Iglehart,* 2002 OK 76, ¶ 10, 60 P.3d 497. However, foreseeability is just one of many factors that this Court considers and other factors include: 1) the degree of certainty of harm to the plaintiff; 2) the moral blame attached to defendant's conduct; 3) the need to prevent future harm; 4) the extent of the burden to the defendant and consequences to the community of imposing the duty on defendant; and 5) availability of insurance for the risk involved. *Morales,* 2010 OK 9, n. 32, 230 P.3d 869; *Lowery,* 2007 OK 38, n. 4, 160 P.3d 959.

2014 OK 106, ¶ 22, 341 P.3d 75, 82-83.

16.   In so holding, the *Trinity Court* adopted the position of the majority of courts in other states, who have held that "an insured cannot maintain a separate tort action for negligence

against an independent insurance adjuster hired by the insurer because the independent adjuster owes the insured no duty of care." 2014 OK 106, ¶ 23, 341 P.3d 75, 83. The *Trinity Court* reasoned that if it created a separate duty between an independent adjuster and an insured, it "would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer," and an insurer has a non-delegable duty while performing the functions of claims management, adjustment and settlement. The *Trinity Court* relied on its ruling in *Wathor v. Mutual Assurance Administrators*, 2004 OK 2, 87 P.3d 559, which found:

> "[a]n insurer may employ an agent or an independent contractor to perform these functions, but this does not absolve the insurer of its own non-delegable duty. If the agent or independent contractor fails to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior,* but because of its own failure to comply with its non-delegable duty of good faith."

*Trinity* at ¶ 29.

17. The *Trinity Court* rejected the notion that an insured's agent may be liable for the foreseeable harm his/her negligence might cause an insured, stating "[e]ven if harm to the insured through an adjuster's negligence might be foreseeable to the adjuster, from a policy standpoint it makes little sense to hold that the adjuster has an independent duty when the insurer itself is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract and bad faith." 2014 OK 106, ¶ 30, 341 P.3d 75, 86. The *Trinity Court* relied on *Hamill v. Pawtucket Mut. Ins. Co.,* 2005 VT 133, 892 A.2d 226, when declining to impose a duty upon a third-party, citing to *Hamill* for the proposition that "in most cases, imposing tort liability on independent adjusters would create a redundancy unjustified by the inevitable costs that eventually would be passed on to insureds." *Hamill* at ¶14. Accordingly, the *Hamill* Court held that the independent adjuster did not owe a legal duty to the insured that would allow the insured to recover in tort for any negligence in the independent adjuster's investigation and adjustment of the claim. *Id*. at ¶ 34, 87.

18. *Trinity*'s rationale and holdings have logically been extended to apply beyond independent adjusters. In the case of *Hightower v. USAA Cas. Ins. Co.*, No. 16-CV-274-JED-FHM, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017), the court applied the holding in *Trinity* to determine that an <u>independent appraiser</u> did not owe a duty of care to an insured. In *Hightower*, the insured brought a negligence action against the independent appraiser the insurance company hired to inspect and appraise the insured's home for the purpose of evaluating alleged damage. The appraiser moved to dismiss the claim, citing *Trinity*. The *Hightower Court* concluded "that plaintiffs may not assert a negligence claim against [the appraiser] based on the reasoning set forth in Trinity Baptist," wherein "the Oklahoma Supreme Court adopted the majority view that 'an insured cannot maintain a separate tort action for negligence against an independent insurance adjuster hired by the insurer because the independent adjuster owes the insured no duty of care.'" *Id*. at *2 citing *Trinity*, 341 P.3d at 83.

19. The *Hightower Court* further noted that "it is irrelevant whether he is an insurance appraiser or an insurance adjuster because the reasoning in *Trinity Baptist*, although it pertained to an independent insurance adjuster, is broadly worded and the same policy concerns are applicable here." *Id*. at 2. The Court explained that "given the existence of [the insurer's] legal duty to plaintiffs, it would be fundamentally unfair to permit plaintiffs to potentially recover from both [the insurer and the appraiser] for [the appraiser's] allegedly negligent conduct." *Id*. citing *Trinity Baptist*, 341 P.3d at 86. The *Hightower Court* reasoned that the appraiser and the adjuster in *Trinity* were both "third parties retained by insurance companies to assist in the evaluation of an insured's claim" and "[b]oth were also sued for their conduct in handling the insurance claim. *Id*. at *2. Thus, the Court concluded that "the reasoning supporting the Oklahoma Supreme Court's conclusion in

*Trinity Baptist* applies with equal force to this case" and "it would be inconsistent with Oklahoma law to impose a duty of care on the appraiser." *Id*.

20. *Trinity's* rationale and holdings **have already been extended to independent engineers in the fraudulent joinder context.** See, *Jonnada v. Liberty Ins. Corp.*, CIV-19-456-D, 2019 WL 6119233, at *1 (W.D. Okla. Nov. 18, 2019); See also, *Faith Temple, Inc. v. Church Mut. Ins. Co.*, CIV-20-13-G, 2020 WL 4274582, at *1 (W.D. Okla. July 24, 2020). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Faith Temple, Inc. v. Church Mut. Ins. Co.*, CIV-20-13-G, 2020 WL 4274582, at *2 (W.D. Okla. July 24, 2020). As the *Faith Temple Court* noted, where removal is premised on the second basis (failure to state a cause of action), the removing party must demonstrate "[t]he non-liability of the defendant[ ] alleged to be fraudulently joined ... with 'complete certainty.' " *Id.* at *2. "Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand." *Id*. Under these standards, the *Faith Temple Court* rejected Plaintiffs attempt to pigeonhole *Trinity* to apply solely to "adjusters" and recognized that other Courts had already found that Trinity should be "extended to bar negligence claims against third parties regardless of whether they were identified as 'adjusters' or otherwise." *Id*. at *3; citing *Jonnada*, 2019 WL 6119233, at *2; citing *Hightower*, No. 16-CV-274-JED-FHM, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017).

21. "In sum, it would be inconsistent with Oklahoma law, as expressed by the Oklahoma Supreme Court and as applied by this Court and others, to permit Plaintiff to potentially recover from both Defendant Holliday [independent engineer] and Defendant Church Mutual on

the claims presented." See *Faith Temple*, 2020 WL 4274582 at *2-3; *Jonnada*, 2019 WL 6119233, at *3-4; *Trinity Baptist Church*, 341 P.3d at 86.

22.     Further, at least one Oklahoma District Court has already sustained an Independent Engineer's Motion to Dismiss based primarily on the argument that *Trinity*'s rationale serves to bar claims of negligence against independent engineers.  Doc. 21-2, Exhibit B, Order Sustaining Motion to Dismiss, *Scott Henderson, et al. v. American Prop. Ins. Co., et al.*, Case No. CJ-2020-2478, in the District Court of Oklahoma County.

23.     The *Trinity* opinion is not only good law but has regularly been recognized by other Courts to prohibit negligence claims against independent third-parties in the context of insurance claims such as the one at issue in this case.  Plaintiffs are not entitled to a double recovery based on State Farm's policy decision.  Envista and Swain were hired by State Farm to inspect Plaintiffs' Property and issue a report regarding the findings.  Envista and Swain did not have a contract with Plaintiffs and did not perform any work for Plaintiffs.  Plaintiffs' insurance claim dispute should not be permitted to extend to Swain as an independent engineer based on the holdings and rationale in *Trinity*.

**C.  Plaintiffs Only Assert Claims of Negligence and Gross Negligence**

24.     Plaintiffs Motion to Remand creates a red herring argument conflating intentional torts with actions performed.  While an intentional tort does require an action to be performed, it does not necessarily mean that any action performed equates to an intentional tort.  In the instant case, we can only rely on Plaintiffs' First Amended Petition to determine whether Plaintiffs are asserting a claim for any known intentional tort under Oklahoma law.  Plaintiffs' claim as to Swain is located in Count VII of Plaintiffs' First Amended Petition.

25. Within Count VII, Plaintiffs allege Swain (1) owed duties, (2) that Swain negligently breached those duties, and (3) that Plaintiffs were damaged as a direct and proximate result of that negligence. Plaintiffs do not assert any intentional torts such as trespass or battery or assault with a deadly weapon as is the example referred to in Plaintiffs' Motion to Remand. Rather, the only reference to "intentional" is the assertion that Plaintiffs are entitled to punitive damages based on the allegation that Swain's negligent conduct was intentional, willful and malicious. Therefore, Plaintiffs have not asserted any intentional torts against Swain leaving only their claims for negligence and gross negligence.

26. In accordance with *Trinity* and the cases discussed above, Plaintiffs' claims for negligence and gross negligence against Swain are barred as Swain did not owe Plaintiffs any duties. Plaintiffs are limited to a single potential source of recovery based upon their dispute with their insurance company and that source is Plaintiffs' insurance company. The claims against Swain are fraudulent and should be dismissed in their entirety.

## IV.    PRAYER

27. Plaintiffs' Motion to Remand should be denied and the claims against Swain should be dismissed in their entirety as Swain did not owe Plaintiffs a duty. As Plaintiffs admit, Envista and Swain were acting at the direction of State Farm to inspect Plaintiffs' home and write a report. Plaintiffs' disagreement with the findings in the report does not create a duty and does not serve as a valid basis for Plaintiffs' lawsuit against Swain as an independent third party. Defendant respectfully requests that the Court enter an order denying Plaintiffs' Motion to Remand and dismissing Plaintiffs' claims for negligence and gross negligence against Swain and for such other and further relief both at law and in equity which the Court deems just and proper.

Respectfully submitted,

**ZIEGLER GARDNER BELL, PLLC**

*/s/ Andrew L. Petersen*
**Gregory N. Ziegler**
OBA #20407
gziegler@zgblaw.com
**Andrew L. Petersen**
Texas Bar No. 24059226
apetersen@zgblaw.com
Bank of America Plaza
901 Main Street, Suite 4960
Dallas, Texas 75202
(972) 587-7044 (Office)
(817) 313-6274 (Cell)
(469) 901-5941 (Fax)

**ATTORNEYS FOR DEFENDANT CORBIN SWAIN**

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2024, a true and correct copy of the forgoing instrument was electronically transmitted to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Adam Engel
Ashley M. Thul
Peyton Howell
Jessica Dickerson

*/s/ Andrew L. Petersen*
Andrew L. Petersen