IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON FOSTER and<br>BRENDA FOSTER,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>  CASUALTY COMPANY,<br>DAVID CAMP, and<br>RITA WALLENBERG INSURANCE<br>  AGENCY, INC. *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 24-CV-222-PRW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO STRIKE NEW EVIDENCE IN PLAINTIFFS' REPLY BRIEF OR,
IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURRESPONSE**

Defendant State Farm Fire and Casualty Company ("State Farm"), requests that the Court strike and/or disregard the new evidence submitted with and referenced in Plaintiffs' Reply to Defendant State Farm's Response to Plaintiffs' Motion to Remand [ECF No. 31]. In the alternative, pursuant to Local Civil Rule 7.1(i), State Farm requests leave to file a surresponse to address the new evidence that Plaintiffs introduced for the first time in their reply brief. In support, State Farm asserts the following:

**INTRODUCTION**

In Plaintiffs' Reply [ECF No. 31], Plaintiffs attached an affidavit of Plaintiff Don Foster (the "Foster Affidavit") [ECF No. 31-2], fact evidence which had not previously been disclosed in this matter. Plaintiffs present this new evidentiary material, and rely on it, for the first time in their reply brief. Pursuant to Federal Rule of Civil Procedure 6(c)(2),

and well-settled Tenth Circuit law, a party may not attach new evidence to a reply brief as it deprives the opposing party of a chance to meaningfully respond to it. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Accordingly, State Farm respectfully requests that the Court strike the Foster Affidavit and/or decline to rely on it in deciding whether this case should be remanded to state court or remain in this Court.

In the alternative, if the Court decides to consider the Foster Affidavit, State Farm requests leave to respond to Plaintiffs' new evidentiary material in a surresponse not to exceed five pages and which can be filed within one week of being granted such leave.

## PROCEDURAL BACKGROUND

1. On March 4, 2024, State Farm filed its Notice of Removal [ECF No. 1], which included the Declaration of Rita Wallenberg (the "Wallenberg Declaration" [ECF No. 1-14]). State Farm cited to, and discussed, the Wallenberg Declaration in support of its position that Plaintiffs cannot establish a claim for constructive fraud and negligent misrepresentation against Defendant Rita Wallenberg Agency, Inc (the "Wallenberg Agency"). *See* Notice of Removal pp.17-18, ECF No. 1.

2. On March 11, 2024, the Wallenberg Agency Inc. filed its Motion to Dismiss and Brief in Support [ECF No. 7], which included specific discussion and citation to the Wallenberg Declaration in support thereof. *See* Mot. to Dismiss pp.17-18, ECF No. 7. Thereafter, the Court approved the agreement of counsel for Plaintiffs and counsel for the Wallenberg Agency to stay consideration of the Motion to Dismiss because the same issues were being raised by Plaintiffs in their then-forthcoming Motion to Remand. *See* Order of Mar. 21, 2024, ECF No. 18.

2

3.  On April 3, 2024, Plaintiffs filed their Motion to Remand [ECF No. 20]. Plaintiffs' Motion made specific reference to, and included argument against, the Wallenberg Declaration. *Id.* at 7 n.3. However, Plaintiffs did not submit the Foster Affidavit with their Motion to Remand. Thereafter, State Farm responded to Plaintiffs' Motion. *See* Resp., ECF No. 30.

4.  Finally, Plaintiffs filed their Reply to State Farm's Response to Plaintiffs' Motion to Remand, which introduced the Foster Affidavit [ECF No. 31-2] *for the first time*.

## ARGUMENTS AND AUTHORITIES

The Federal Rules of Civil Procedure provide that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). As the Tenth Circuit has noted: "[t]he language of the rule is clear. Affidavits in support of a motion must be served with the motion." *In re Stone*, 588 F.2d 1316, 1321 (10th Cir. 1978). Accordingly, reply briefs should generally avoid introducing new evidentiary materials or new arguments. *See, e.g., Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("[T]he court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in [the defendant's] reply brief"); *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir.2009) ("[T]he general rule in [the Tenth] circuit is that a party waives issues and arguments raised for the first time in a reply brief . . . ."); *Champagne Metals v. Ken-Mac Metals, Inc.*, No. CIV-02-0528-HE, 2007 WL 4115994, at *2 n.10 (W.D. Okla. July 27, 2007) ("It is improper for a party to submit new evidence in a reply brief"). Disfavoring the introduction of new evidence attached to a reply

brief is consistent with the local rules, which state that the reply briefs are "not encouraged" to begin with. L. Cv. R. 7.1(i).

When a moving party raises new evidentiary materials for the first time in a reply brief, the district court has "two permissible courses of action." *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998). The Court can either "refrain[] from relying on any new material contained in the reply brief[,]" or "permit[] a surreply." *Id.*; *Bridge on behalf of Bridge v. Okla. State Dep't of Educ.*, No. CIV-22-00787-JD, 2022 WL 20689557, at *2 (W.D. Okla. Dec. 20, 2022) ("The Court agrees with [Defendants] that reply briefs should not raise new arguments or present evidence on new matters . . . . [because t]ypically, courts either permit a non-movant to respond to new matters raised in a reply brief or disregard the new matters in the ultimate decision on the motion."). As one court observed, the rule disfavoring new materials in a reply ensures that the non-moving party is "given sufficient time to respond to the affidavits filed by a moving party, thereby avoiding any undue prejudice." *Tishcon Corp. v. Soundview Communciations, Inc.*, No. CIV.A. 104CV524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005). That court reasoned:

> Justice is not served by allowing a moving party to unfairly surprise and prejudice the non-movant by producing evidence of new, substantive facts at the last minute when there is no opportunity for the non-movant to respond. This is precisely the kind of trial by ambush that the federal rules summarily reject.

*Id.*

Here, the Court should strike the Foster Affidavit and/or decline to rely on it when reaching the Court's decision on the pending Motion to Remand [ECF No. 20]. Plaintiffs

submitted the Foster Affidavit with their reply brief in an attempt to counter the Wallenberg Declaration. But that Declaration had been submitted into the record for this case with State Farm's Notice of Removal on March 4, 2024—a month before Plaintiffs filed their remand motion. Plaintiffs therefore had the opportunity to submit an affidavit from Mr. Foster when they filed their Motion to Remand on April 3, 2024, which would have afforded State Farm the opportunity to meaningfully review the Foster Affidavit and provide a response to it in its response brief. However, Plaintiffs opted not to do so, improperly submitting it for the first time with their reply brief. By introducing this new evidence as part of their reply brief, Plaintiffs have deprived State Farm of an opportunity to respond to the contents of the Foster Affidavit and Plaintiffs arguments related to it. *Tishcon*, 2005 WL 6038743 at *8.

## RELIEF REQUESTED

WHEREFORE, State Farm respectfully requests that the Court strike the new evidence contained in Plaintiff's Reply [ECF No. 31-2] from the record and/or decline to rely on the same in reaching a ruling on the pending Motion to Remand. In the alternative, State Farm requests that the Court grant it leave to file a surresponse of five or fewer pages to address this new evidence within one week of being granted such leave.

Respectfully submitted,

*s/ Andrew J. Morris*
Andrew J. Morris, OBA #31658
Peyton S. Howell, OBA #33917
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:     (405) 235-9621
Facsimile:      (405) 235-0439
andrew.morris@mcafeetaft.com
peyton.howell@mcafeetaft.com

**Attorneys for Defendant State Farm Fire and Casualty Company**