IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON FOSTER, and BRENDA FOSTER,<br><br>                            Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, DAVID CAMP, and RITA WALLENBERGER INSURANCE AGENCY, INC., et al.,<br><br>                            Defendants. | Case No: 5:24-CV-222-PRW |

**PLAINTIFFS' RESPONSE TO STATE FARM'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT OR LEAVE TO FILE A SURRESPONSE**

Plaintiffs submit the following response to State Farm's motion to strike [Doc. 33]:

### **INTRODUCTION**

As the Court knows, Plaintiffs filed this case in state court in Oklahoma. State Farm removed to this Court claiming fraudulent joinder. Plaintiffs sought remand, showing, point-by-point, that each nondiverse claim was viable. In State Farm's response, it filed a "declaration" by the agent, contradicting some of Plaintiffs' allegations regarding the claim against the agency (but not even all of those requiring remand). [Doc. 30-2]. Along with the declaration State Farm cited a "questioned" case from 1961, *Smoot v. Chi., R. I. & P. R. Co.*, 378 F.2d 879 (10th Cir. 1967), for a rule that a trial court may grant "summary judgment" on a fraudulent joinder claim if the "evidence" is uncontested. Consistently with *Breske v. Honeywell Int'l Inc.*, No. CIV-23-1072-D, 2024 U.S. Dist. LEXIS 26513, at *8 (W.D. Okla. Feb. 15, 2024), Plaintiffs included their own affidavit affirming the allegations

1

in the petition <u>to rebut State Farm's Wallenberg declaration</u>.[1] [Doc. 31-02]. This was not untimely evidence "in support of" Plaintiff's motion—there is no requirement to prove petition allegations when seeking remand. The affidavit was instead a very specific rebuttal <u>to State Farm's response</u>.

Nor is the affidavit "new" evidence; as noted above, it just provides evidentiary support for Plaintiffs' claims in response to State Farm's impromptu request for "summary judgment." State Farm has already "meaningfully responded" to Plaintiff's affidavit with its Wallenberg declaration.

Finally, by way of introduction, it would be a very strange rule that would allow a party to obtain a *summary judgment* without permitting the opposition to respond. Indeed, as shown below, *that is what is forbidden.* However, that is exactly what State Farm seeks with the current motion.

## ARGUMENTS AND AUTHORITIES

I.    **Rebuttal Affidavits are Proper.**

*Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982 (D. Colo. 2014), is a summary judgment case in which the plaintiff moved to strike certain arguments from the defendant's reply brief as improper new materials. The court rejected that request because reply briefs and affidavits that "merely respond to matters placed in

---

[1] *Goncharova-Souder v. Gen. Shale Brick, Inc.*, Civil Action No. 1:22-cv-2528, 2023 U.S. Dist. LEXIS 86625, at *5-6 (D. Colo. May 17, 2023) also considered a rebuttal affidavit filed with the Plaintiff's reply. *Samuels v. CSX Transp., Inc.*, No. 1:08-cv-0223-WSD, 2008 U.S. Dist. LEXIS 130390, at *9 (N.D. Ga. May 12, 2008), seems to indicate such a rebuttal reply would have been proper ("Plaintiff has not filed a reply to Defendants' Response to the Motion for Remand or disputed [the defendant's] affidavit").

issue by the opposition brief and which do not spring upon the opposing party new reasons *to grant summary judgment* are appropriate reply materials. *Id.* at 993-94. Like here, the claimed new arguments were merely "rebuttal arguments [which were] properly raised on reply. . .." *Id.* at 994. That such rebuttals and affidavits are proper specifically in remand motions is shown by *Breske, Goncharova-Souder* and *Samuels,* as shown above. Again, the affidavit is not new evidence and State Farm has already meaningfully responded to it.

### II.     State Farm's Cited Cases Do Not Justify Striking the Affidavit.

None of State Farm's cited cases support its position. *Tishcon Corp. v. Soundview Communs., Inc*., No. 1:04-CV-524-JEC, 2006 U.S. Dist. LEXIS 97309 (N.D. Ga. Feb. 14, 2006), actually makes the same distinction that Plaintiffs make here:

> [T]he affidavits attached to the reply briefs at issue in *Kershner* and *Shah* were considered only because the affidavits were submitted, specifically, for the limited purpose of responding to matters raised in the responses filed by the opposing parties. That consideration of affidavits filed with reply briefs is quite different from the issue presented in this case. Unlike in the *Kershner* and *Shah* cases, where the affidavits submitted with the replies were used merely to counter a point made in the opposition's response, here the declarations submitted by plaintiff with its replies are not limited to addressing an argument initiated by defendants in their responses. Instead, they are offered and intended to replace inadequate evidentiary submissions offered in support of plaintiff's two motions for partial summary judgment. Stated differently, plaintiff offers the declarations attached to its replies as a substitution for declarations of Mr. Aufrichtig that defendants have in large part successfully challenged.

*Id.* at *25-26.

State Farm seems to suggest that Plaintiffs should have included Mr. Foster's affidavit in the motion to remand to counter claims that State Farm made in the removal and in its motion to dismiss. State Farm offers no authority for a claim that a party must

3

respond in one motion to matters raised in *different* motions by an opponent. Plaintiffs' remand motion focused, as it was supposed to, on the question whether the factual allegations gave rise to a possibility of recovery against the nondiverse defendants. State Farm's complaint would be like arguing that a party filing a summary judgment has to counter in its opening brief every counterargument raised by the record. Of course not. A party is entitled to make a prima facie showing of its entitlement to motion relief and then respond to the defenses the opposition chooses to assert in response to *that* motion. The Foster affidavit was an appropriate rebuttal to State Farm's response *in this motion.* That is all that is required.

State Farm's footnote citation to *Doebele* (and *Beaird*) also actually supports Plaintiffs' position here. The evil to be avoided in the footnote is the granting of a summary judgment against a party that has not had opportunity to respond to the evidentiary materials supporting that summary judgment:

> In *Beaird*, we held that "having accepted the reply brief, the district court in fact had two permissible courses of action. It could either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief." *Id.* at 1164. We pointed out that "Rule 56(c) requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." Id. "Rule 56(c) simply requires that if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Id.* at 1165 (emphasis added). The district court incorrectly distinguished *Beaird* on the ground that it applied only to new legal arguments supported by new materials while here, the new material supported legal arguments already made. Rather, *Beaird* speaks in terms of either new legal arguments or new material. Therefore, in accordance with *Beaird*, we conclude the court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief. *Id.* at 1164. However, in view of our reversal of the grant of summary judgment on her claims of pretext, we need

> not address whether Ms. Doebele was prejudiced. Any prejudice flowing from her inability to reply to this material may be corrected on remand.

*Id.* at 1139 n.13 (emphasis added). Here, it is State Farm that would violate *Doebele* and Rule 56 by asking this Court to refuse Plaintiffs the opportunity to oppose State Farm's summary judgment materials. *Doebele* does not support State Farm's position.

In fact, none of the cases cited by State Fam concern analogous circumstances. *In re Stone* was a bankruptcy matter in which Iva Olsen appeared and sought to have the discharge denied as to certain obligations. Mr. Stone did not answer, and so Ms. Olsen moved for a default judgment which was granted. Mr. Stone later moved to have the default set aside under Fed. R. Civ. P. 60 for excusable neglect. The allegations in such a motion are presumed to be true such that there is "normally no need to introduce evidence. . .." *In re Stone*, 588 F.2d 1316, 1320 (10th Cir. 1978). Mr. Stone showed up at the hearing on the motion, though, prepared to offer two affidavits and oral testimony, all of which were refused by the court. The court's decision not to consider the evidence was affirmed because his motion contained only "general allegations of excusable neglect and meritorious defense" without stating any specific facts relevant to the motion. *Id.* Mr. Stone's counsel did not make matters any clearer in oral argument. *Id.* It was in the above context that that court then held that there was no error in refusing the untimely affidavits *submitted at the hearing*.

The case at hand is easily distinguished from *Stone*. One, there is no indication in *Stone* that the affidavits were offered in reply to something in the response to Stone's motion (in fact there is no indication that there was such a response). Two, here, State Farm

5

has already "responded" to the allegations contained in the affidavit since they are precisely the same allegation contained in the petition and in the remand motion. Three, *Stone* is not applicable here for the reason that Plaintiff's affidavit was not submitted "in support of a motion"; as noted above, it was submitted as rebuttal to State Farms quest (in its response) for summary adjudication of the claim against the agency. *Stone* has no application here.

Then there is the *Kerr-McGee* case which says only that a party waives <u>issues and arguments</u> raised for the first time in a reply brief (that party for the first time in the reply sought relief that was contrary to its opening brief assertions). In addition, the *Bridge* case states: "reply briefs should be limited to responding to arguments asserted in a response brief." *Bridge v. Okla. State Dep't of Educ.*, No. CIV-22-00787-JD, 2022 U.S. Dist. LEXIS 245493, at *18 (W.D. Okla. Dec. 20, 2022). "Each of the affidavits submitted with [the reply in that case] include[ed] something new." *Id.* Still, the court did not strike the affidavits in *Bridge*.

Here, by contrast, there are no new issues or arguments in Plaintiffs' reply or affidavit. The reply and affidavit address precisely the same matters that are alleged in the petition and in Plaintiffs' opening brief. As noted, Plaintiffs merely added the evidentiary affidavit *in rebuttal to argument and evidentiary materials submitted by State Farm in its response*. *Kerr-McGee* and *Bridge* are of no help to State Farm either.

In *Champagne Metals v. Ken-Mac Metals, Inc.*, a party moved for summary judgment for a second time but failed to include argument and evidence that "no agreement to sell existed. . . .." No. CIV-02-0528-HE, 2007 U.S. Dist. LEXIS 88773, at *7 n.10 (W.D. Okla. July 27, 2007). There was no indication in *Champagne Metals* that this "new

6

evidence" was rebuttal to the nonmovant's response. Instead, it was simply material omitted from the opening brief. Also, as in *Doebele*, it was the party seeking "summary judgment" that would have benefitted from the "new evidence" (without the nonmovant having opportunity to respond). Finally, despite the rule cited by Judge Heaton, he still "considered the [new] testimony. . .." *Id.*

Here, as set out previously, there is nothing "new" about Plaintiff's affidavit—it merely puts the petition allegations and motion claims into the format required to rebut State Farm's response request for summary judgment. *Champagne Metals*, in addition to the other cases cited by State Farm, is no help to State Farm either.

### III. A Surreply is Not Required.

Finally, State Farm cites several cases for support of its request to file a surreply. If the Court grants State Fam's request for surreply, it should be limited and not raise new issues. *See*, *Bridge v. Okla. State Dep't of Educ.*, No. CIV-22-00787-JD, 2022 U.S. Dist. LEXIS 245493, at *18 (W.D. Okla. Dec. 20, 2022). Moreover, Plaintiffs note that the relevant facts stand disputed by contradictory affidavit testimony. State Farm's surreply cannot change that reality nor overcome the rule that all uncertainty must be resolved in favor of remand. State Farm's request is a futile endeavor.

### CONCLUSION

State Farm's motion to strike [Doc. 33] should be denied since neither the reply nor the rebuttal affidavit constitute improper "new material."

Respectfully submitted,

/s/ *M. Adam Engel*
M. Adam Engel, OBA #32384
Ashley M. Thul, OBA #31245
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102
T: (405) 232-4100
F: (405) 232-4140
aengel@meclaw.net
athul@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May 2024, the attached document was electronically transmitted to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

| | |
|---|---|
| Andrew J. Morris | andrew.morris@mcafeetaft.com |
| Peyton S. Howell | peyton.howell@mcafeetaft.com |
| Jessica Dickerson | jessica.dickerson@mcafeetaft.com |